# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. **'18 - CV - 0 3 3 3 8**

(To be supplied by the court)

_Victoria Dawn Wright_ , Plaintiff

v.

_CDOC - DWCF Warden_
_Ryan Long_
_CDOC - DWCF Health Services_
_Dr. Hillary Victorhoff_
_CDOC - DWCF office of the_
_Inspector General_
_CDOC - DWCF_
_Major Rios_ , Defendant(s).

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 26 2018

JEFFREY P. COLWELL
CLERK

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

---

## PRISONER COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## Defendant(s)

- CDOC-DWCF Major Caley
- CDOC-DWCF Case Manager Patricia Duran
- CDOC-DWCF Captain D. Davis
- CDOC-DWCF Lieutenant B. Brock
- CDOC-DWCF Seargent Shirley Dockery Badge #17377
- CDOC-DWCF) Darrell L. Spignor
- CDOC-DWCF Seargent Robert J. Gess Badge #18985
- CDOC-DWCF Correctional Officer Elias D. Lopez Badge #22046
- CDOC-DWCF Correctional Officer Nicanor M. Tanicala Badge #12851
- CDOC-DWCF Correctional Officer Graham

## A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.* Victoria Dawn Wright #155624

P.O. Box 392005 Denver, Colorado 80239

(Name, prisoner identification number, and complete mailing address)

not applicable

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

\_\_\_\_   Pretrial detainee

\_\_\_\_   Civilly committed detainee

\_\_\_\_   Immigration detainee

__X__   Convicted and sentenced state prisoner

\_\_\_\_   Convicted and sentenced federal prisoner

\_\_\_\_   Other: *(Please explain)* _____

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Ryan Long CDOC-DWCF Warden Colorado Department of Corrections Denver Women Correctional Facility 3600 Havana

(Name, job title, and complete mailing address)

Street Denver, Colorado 80239

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? __X__ Yes \_\_\_ No *(check one).* Briefly explain:

Warden of Colorado Department of Corrections Denver Women Correctional Facility

Defendant 1 is being sued in his/her __X__ individual and/or __X__ official capacity.

Defendant 2: *Dr. Hillary Victorhoff CDOC-DWCF Doctor Colorado Department of Corrections Denver Women Correctional*
(Name, job title, and complete mailing address)

*Facility 3600 Havana Street Denver, Colorado 80739*

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? **X** Yes ___ No (*check one*). Briefly explain:

*Doctor for Colorado Department of Corrections Denver Women Correctional Facility*

Defendant 2 is being sued in his/her **X** individual and/or **X** official capacity.

Defendant 3: *Executive Director CDOC-Office of the Inspector General Colorado Department of Corrections Central*
(Name, job title, and complete mailing address)

*Office 1250 Academy Park Loop Colorado Springs, Colorado 80910*
At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? **X** Yes ___ No (*check one*). Briefly explain:

*Executive Director of Colorado Department of Corrections office of the Inspector General*

Defendant 3 is being sued in his/her **X** individual and/or **X** official capacity.

## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

**X** 42 U.S.C. § 1983 (state, county, and municipal defendants) *←*

___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

___ Other: (*please identify*) _____

Defendant 4: Major Rios Colorado Department of
Corrections Denver Women Correctional Facility
3600 Havana Street Denver, Colorad 80239
(name, job title, and complete mailing address)
At the time the claim(s) in this complaint arose,
was this defendant acting under color of
state or federal law? x Yes   No   Briefly
Explain
Major/Legal Custodian for CDOC-DWCF
Defendant 4 is being sued in his/her x individ-
ual and/or  x official capacity

Defendant 5: Major Caley Colorado Department of
Corrections Denver Women Correctional Facility
3600 Havana Street Denver, Colorado 80239
(name, job title, and complete mailing address)
At the time the claim(s) in this complaint arose,
was this defendant acting under color of
state or federal law? x Yes  No  Briefly
Explain
Major for CDOC-DWCF
Defendant 5 is being sued in his/her x individ-
ual and/or  x official capacity

Defendant 6: Case Manager Patricia Duran
Colorado Department of Corrections Denver Women
Correctional Facility 3600 Havana Street Denver,
Colorado 80239
(name, job title, and complete mailing address)
At the time the claim(s) in this complaint arose,
was this defendant acting under color of

(3)

state or federal law? x Yes   No   Briefly Explain

Case Manager for CDOC-DWCF

Defendant 6 is being sued in his/her x individual and/or x official capacity

Defendant 7: Captain D. Davis Colorado Department of Corrections Denver women Correctional Facility 3600 Havana Street Denver, Colorado 80239 (name, job title, and complete mailing address) At the time the claim(s) in this complaint arose, was the defendant acting under color of state or federal law? x yes / no   Briefly Explain

Captain for CDOC-DWCF

Defendant 7 is being sued in his/her x individual and/or x official capacity

Defendant 8: Lieutenant B. Brock Colorado Department of Corrections Denver women Correctional Facility 3600 Havana Street Denver, Colorado 80239 (name, job title, and complete mailing address) At the time the claim(s) in this complaint arose, was the defendant acting under color of state or federal law? x Yes / No   Briefly Explain

Lieutenant for CDOC-DWCF

Defendant 8 is being sued in his/her x individual and/or x official capacity

Defendant 9: Seargent Shirley Dockery Colorado

③

Department of Corrections Denver Women Correct-ional Facility 3600 Havana Street Denver, Colorado 80239
(name, job title, and complete mailing address)
At the time the claim(s) in this complaint arose, was the defendant acting under color of state or federal law? x Yes /No  Briefly Explain
Seargent for CDOC-DWCF
Defendant 9 is being sued in his/her x individual and/or x official capacity

Defendant 10: Darrell L. Spignor Shift Commander Denver Women Correctional Facility Denver Women Correctional Facility 3600 Havana Street Denver, Colorado 80239
(name, job title, and complete mailing address)
At the time the claim(s) in this complaint arose, was the defendant acting under color of state or federal law? x Yes  No  Briefly Explain
Shift Commander for CDOC-DWCF
Defendant 10 is being sued in his/her x individual and/or x official capacity

Defendant 11: Seargent Robert J Gess Colorado Department of Corrections Denver Women Correct-ional Facility 3600 Havana Street Denver, Colorado 80239
(name, job title, and complete mailing address)
At the time the claim(s) in this complaint arose,

③

arose, was this defendant acting under color of state or federal law? x Yes No Briefly Explain

Seargent for CDOC-DWCF

Defendant 11 is being sued in his/her x individual ~~[redacted]~~ and/or x official capacity

Defendant 12: Correctional Officer Elias D. Lopez Colorado Department of Corrections Denver Women Correctional Facility 3600 Havana Street Denver, Colorado 80239 (name, job title, and complete mailing address) At the time the claim(s) in this complaint arose, was the defendant acting under color of state or federal law? x Yes No Briefly Explain

Correctional Officer for CDOC-DWCF

Defendant 12 is being sued in his/her x individual and/or x official capacity

Denfendant 13: Correctional Officer Nicanor M. Tanicala Colorado Department of Corrections Denver Women Correctional Facility 3600 Havana Street Denver, Colorado 80239 (name, job title, and complete mailing address) At the time the claim(s) in this complaint arose, was the defendant acting under color of state or federal law? x Yes No Briefly Explain

Correctional Officer for CDOC-DWCF

③

Defendant 13 is being sued in his/her x individual and/or )x official capacity

Defendant 14: Correctional Officer Graham Colorado Department of Corrections Denver Women Correctional Facility 3600 Havana Street Denver, Colorado 80239
( name, job title, and complete mailing address)
At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? x Yes   No   Briefly Explain
Correctional Officer for CDOC-DWCF
Defendant 14 is being sued in his/her x individual and/or )x official capacity

③

## D.    STATEMENT OF CLAIM(S)

› *State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each*

› *claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: _U.S. Constitution 8th Amendment Right_

Supporting facts: CDOC-DWCF Correctional Officer/Elias D. Lopez #22046 stated Plaintiff-Petitioner's foot was either on the red line and or past it of the inmate Falvey #18057 of which they had previously been communicating with. Plaintiff-Petitioner has been managed by CO-Elias D. Lopez #22046 since 1-5-2018. / CO-Elias D. Lopez #22046 has allowed and or been awares of the same, gravier violation(s) than the minor offense Plaintiff-Petitioner unintentionally committed. Therefore it is reasonable to question in attempt(s) to determine the justification(s) for deviating from established CDOC rules, policies, procedures, administrative regulations etc.. Also the inquiry(s) should attempt to determine if this justification(s) is founded in bias, prejudice, discrimmination etc.. As any and all CDOC rules, policies, procedures, administrative regulations etc. should be uniformally applied to all inmates. At the conclusion of the afore cited parties conversation CO-Elias D.

Please Review Attachment

4

0. Statement of Claim(s)

Claim One; US Constitution 8th Amendment
Right Cruel and Unusual Punishment
Supporting facts; Lopez #22046 Stated to
the effect to stay behind the red line and
"dont say I didn't warn you." Plaintiff-Pet-
itioner attempted to inquire to obtain further
explination of what the latter of Co-Elias D.
Lopez #22046 Statement meant but received
no response to their inquiry, Plaintiff-Petit-
ioner eventually returned to inmate Falvey
#180587 cell to have a brief conversation.
Plaintiff-Petitioner could not hear what was
being said as they have been diagnosed as
hard of hearing in their left ear. 12-12-
2017 Plaintiff-Petitioner completed a requ-
est for Accomodation pursuant to CDOC
Administrative Regulation 750-04, Plaintiff-
Petitioner was denied. CDOC-DWCF Health
Services provided Plaintiff-Petitioner docu-
mentation showing restrictions placed
as a result of permanent impairment(s)
caused by (2) strokes. Plaintiff-Petitioner
was told by CDOC-DWCF Health Services rep-
resentatives that a notation citing their
"hard of hearing" status would be entered,
accessable etc. via computer. Plaintiff-
Petitioner found out post 9-25-2018 this
was not done. Plaintiff-Petitioner left
inmate Falvey #180587 cell and began to
engage in a different activity, Regularly

(4)

scheduled/assigned to Unit/Building 4 staff.
Also not part of any "First Responders/Eme-
rgency Response Team" and or responding to
a distress call. Exited the block office and
entered Plaintiff-Petitioner's Living Unit/
Pod/Hallway.

A) Seargent Shirley Dockery (#17377)
B) Correctional Officer Nicanor M. Tanicala
(#12851)
C) Seargent Robert J Gess (#18985)

Seargent Shirley Dockery #17377 stated
that CO-Elias D. Lopez #22046 in the 4N
command center reported that Plaintiff-
Petitioner was "talking shit" about Sear-
gent Shirley Dockery #17377 not exec-
uting the "distrabution" inmate service.
(DOC/DWCF representatives cited in A-C
above unprofessionally, unethically, illegally
etc. attempted to confront/sanction Plai-
ntiff-Petitioner. Plaintiff-Petitioner
forwarded US/Co 1st Amendment Right (s).
Plaintiff-Petitioner then reinquired
regarding the justification for them
being subjected to punishment/sanction(s).
Seargent Shirley Dockery #17377 resp-
onded that Plaintiff-Petitioner's ear
was past the red line. Plaintiff-Petit-
ioner forwarded they were hard of hea-
ring in one ear. Seargent Shirley Dock-
ery #17377 responded "I don't give a

(4)

damn." Plaintiff-Petitioner asked to speak to the next available commanding officer in the CDOC-DWCF chain of command. Seargent Shirley Dockery #17377 immediately unholstered her taser, pointed it at Plaintiff-Petitioner and waived it around. Also stated "your not going to speak to no damn captain/Lieutenant." Plaintiff/Petitioner inquired as to why the teasor had been unhelstered/pointed/waived around when the circumstances did not justify the degree of displayed/threat of force to be used. Seargent Shirley Dockery #17377 stated "I can do what the hell ever I want." Plaintiff-Petitioner was handcuffed behind their back by Seargent Robert J. Gess #18985 and he executed this action solely by himself/without incident. Also stated the handcuffing was so Plaintiff-Petitioner could be escorted to CDOC-DWCF Unit/Building 4 intake cell to wait for Lieutenant B. Brock to speak to her. Lieutenant B. Brock also was the Unit/Building 4 housing supervisor on 9-25-2018. Seargent Robert J. Gess #18985 instructed Plaintiff-Petitioner to exit the Unit/Building 4 North Pod A Unit door. This door was already open from when the afore cited CDOC-DWCF representatives initially entered the 4NA unit. Seargent Shirley Dockery #17377 then stated "she's not going to see no damn

(4)

Captain/Lieutenant." Seargent Robert J. Gess #18985 giving no verbal direction(s) while behind Plaintiff-Petitioner began haphazardly pushing/pulling etc. on Plaintiff-Petitioner. Plaintiff-Petitioner began to loose their footing. When Plaintiff-Petitioner began to fall Seargent Robert J. Gess (#18985) intentionally and violently threw, slammed, pushed etc. Plaintiff-Petitioner the remainder of the way onto the concrete floor. This action was executed while exerting the maximum degree of force Seargent Robert J. Gess #18985 could physically generate. This was intentionally done to inflict the maximum injury(s) possible to Plaintiff-Petitioner. Plaintiff-Petitioner temperarely lost consciousness but when they became awares Seargent Shirley Dockery #17377 and Seargent Robert J. Gess #18985 were screaming including profanities, insults etc. at [redacted] and/ about Plaintiff-Petitioner. It was not until this point that the other (2) inmates that were out their cells with Plaintiff-Petitioner were told to secure themselves in their cells.

Plaintiff-Petitioner was taken to CDOC-DWCF medical unit. While in the room Plaintiff-Petitioner asked CO-Graham to preserve the clothing they were wearing. CO-

④

Graham said that Plaintiff-Petitioner did not have this right as event(s) had been ruled as "Use/of force" and therefore no crime had been committed. Co-Graham also later stated "... i've been doing this for 30 years and i'm starting to see why Seargent Gess threw you." Plaintiff-Petitioner was transported to Denver Health Hospital after receiving (2) lacerations to right tempal area. (4) sutures were applied to each of the (2) lacerations for a total of (8) sut-ures. Denver Health Medical Record numb-er 3068302. 11-21-2018 a mass in Plaintiff-Petitioners left breast was confirmed, Ste-mming from 9-25-2018 event(s). 9-25-2018 to 10-5-2018 Plaintiff-Petitioner submitted preformatted "Request for Sick Call" carbon copied forms citing additional 9-25-2018 injuries including ) left breast during AM and PM medication administration(s). 10-5-2018 told Nurse Lisa during PM medi-cation administration notation) was made on "Medication Administration Record" no results were produced. Plaintiff-Petitioner's appellatte attorney #26281 faxed (3) page grievance with (2) attached "Request for Sick Call" forms to the Department of Regulatory Agency. The 2nd "Request for Sick Call" form citing left breast mass dated 10-12-2018, faxed 11-2-2018 for the 2nd time. Plaintiff-Petitioner intention-

(4)

ally received and continues to receive inadequate and or denial, delay of medical care. CDOC-DWCF Health Services a representatives executed / executing their own form(s) of corporal punishment. Also attempt(s) to help CDOC-DWCF avoid civil liability in connection to Plaintiff-Petitioner 9-25-2018 sustained injuries. 11-21-2018 to the date of this 42 U.S.C. 31983 Complaint additional consultation for left breast with Denver Health Hospital still pending CDOC Health Services and or CDOC approval. 1-2 months estimated time from 11-21-2018 for CDOC approval. Although injury(s) sustained initially on 9-25-2018, Also upon approval an additional (1) month for Denver Health Hospital consultation is estimated. So potential 2-3 months wait total (dependant upon authorization) for Denver Health Hospital consultation. Wheter the left breast mass is malignant or not left breast mass must be either surgically or non-surgically treated. Ryan Long Warden of CDOC-DWCF. Darrell L. Spignor was the Shift Commander on 9-25-2018 for CDOC-DWCF.

④

D. Statement of Claim(s) DUE Process
Claim Two: U.S. Constitution 14th Amendment
Right and 5th Amendment Right
Supporting facts: CDOC-DWCF representatives
directly and or indirectly unprofessionally, unet-
hically, illegally etc. confront and sanction Plain-
tiff-Petitioner;

A) Seargent Shirley Dockery(#17377)
B) Correctional Officer Nicanor M. Tanicala
(#12851)
C) Seargent Robert J Gess (#18985)
D) Correctional Officer Elias D. Lopez (#22046)

CDOC-DWCF has established "Code of Penal Disc-
ipline" effective March 1, 2017. Page 1 of 52 (I)
Policy (D) "Establishing and maintaining fair
disciplinary procedures and practices consistent
with case law. Page 23 of 52 (F) formal Dis-
ciplinary Procedures (1)(e) " All hearing off-
icers and disciplinary officers will be trained in
the elements of due process and jurisprude-
nce in order to conduct impartial COPD hear-
ings..."
Plaintiff-Petitioner on 9-25-2018 was housed
in a "Management Control Unit." pursuant to
CDOC-Administrative Regulation 600-09. Per
this Administrative Regulation no inmate is to
be subjected to any punishment(s) that is

(4)

not served upon them via "Code of Penal Discipline AR 150-01 and or "Behaviors and Privileges Suspended" AR form 600-09B. The AR form 600-09B must be signed by Unit/Building "Housing Supervisor." 9-25-2018 the Unit/Building 4/ "Housing Supervisor" was Lieutenant B. Broek. Plaintiff-Petitioner was initially provided the justification that they were "talking shit" then later provided the justification for attempted punishment(s) / confronting was Plaintiff-Petitioner's ear past red line. Plaintiff-Petitioner asked to speak to the next available commanding officer in the (DOC-DWCF chain of command and was denied at least (2) times and more. ■ Seargent Shirley Dockery #17377 immediately unholstered her taser, pointed it at Plaintiff-Petitioner and waved around. Plaintiff-Petitioner was handcuffed from behind and told they would be escorted to see Unit/Building 4 "Housing Supervisor" Lieutenant B. Broek. Seargent Robert J. Gess #18985 executed hand cuffing of Plaintiff-Petitioner. Seargent Shirley Dockery #17377 denied Plaintiff-Petitioner attempts to execute the chain of command to petition and or receive relief. Plaintiff-Petitioner was intentionally and

④

violently thrown, slammed, pushed etc. the remainder of the way onto the concrete floor by Seargent Robert J. Gess #18985 Plaintiff-Petitioner was taken to CDOC-DWCF medical unit. Major Caley took a picture of Plaintiff-Petitioner's injuried face to utilize as part of a "Use of force Report." No CDOC-DWCF internal and or external representative(s) as of the date of this 42 U.S.C. §1983 complaint has approached Petitioner-Plaintiff as part of any investigation into the event(s) of 9-25-2018. C0-Graham stated "I've been doing this for 30 years and i'm starting to see why Seargent Gess threw you." This was in response to Plaintiff-Petitioners requests to have the clothing they were wearing during 9-25-2018 incident preserved. C0-Graham also stated Plaintiff-Petitioner did not have the right to request this since CDOC had determined "Use of force" and not criminal. Seargent Sexton stated he would preserve the clothes. As of the date of this 42 U.S.C. §1983 complaint Captain B. Davis "alleges" to have spoken to Seargent Sexton and Seargent Sextons supervisor regarding the location of Plaintiff-Petitioner 9-25-2018 clothing to no avail. 10-15-2018 Plaintiff-Petitioner was served CDOC-DWCF "Notice

(4)

of (harge(s)) by Seargent Robert J. Gess #
18985 and Code of Penal Discipline officer.
Code of Penal Discipline Hearing continued
via AR Form 150-01D twice. Code of
Penal Discipline Hearing for case number
19-251W was determined to be unexecut-
able. Seargent Robert J Gess #18985 had
been on "Executive Leave" for the minimum
of 30 days. Code of Penal Discipline Officers
Lieutenant J. Meyer #10200 and Lieuten-
ant S. Speaks #6289 attempted to contact
Seargent Robert J. Gess #18985 via tele-
phone to testify in Code of Penal Discipline
Hearings. Seargent Robert J. Gess #18985
did not answer and or return any of
the Voicemails/attempted phone calls.
Lieutenant S. Speaks #6289 later for-
warded that Seargent Robert J Gess
#18985 either voluntarily/involuntarily
was no longer employed by CDOC-DWCF.
9-28-2018 spoke on camera with CDOC-DWCF
Case Manager Patricia Duran at 4NA cell
214. Stated her concerns was it was
unclear as to the CDOC-DWCF 9-25-2018
representatives reason for entering Plain-
tiff-Petitioner's living unit to attempt
to confront/punish Plaintiff-Petitioner?
Also it was unclear as to how the 9-
25-2018 representatives became awares

(4)

that "allegedly" there was a need for them to enter the Plaintiff-Petitioner's living unit.? Also if 9-25-2018 representatives became awares there was a need to enter Plaintiff-Petitioners living unit to confront/punish Plaintiff-Petitioner then why did they not previously contact CDOC-DWCF "First Responders/Emergency Response Team.?" This would of aided CDOC representatives in preventing the "alleged" situation from escualating and for their personal protection./ Also 9-25-2018 CDOC-DWCF representatives should of known there was a potential to use force and therefore a responsibility to avoid, minimize the amount of force used. A primary indicator that CDOC-DWCF representatives falsely reported events and gives creadibility to Plaintiff-Petitioner version of events is that the other inmates were not secured in cells until after Plaintiff-Petitioner was injuried. CDOC-DWCF Case Manager Patricia Duran stated she would contact the appropriate CDOC and or non-CDOC representatives to contact Plaintiff-Petitioner as part of an investigation into 9-25-2018 events. As of the date of this 42 U.S.C. §1983 complaint no CDOC and or non-CDOC representative has contacted Plaintiff-

(4)

Petitioner as part of any investigation into 9-25-2018 events. 10-11-2018 Plaintiff-Petitioner had another consultation with CDOC-DWCF Case Manager Patricia Duran. Plaintiff-Petitioner asked why the 9-25-2018 incident was used as the foundation in 10-2018 "Close Custody Placement and Progression" AR form 600-09A. CDOC-DWCF Case Manager Patricia Duran again stated she would contact the appropriate CDOC and or non-CDOC representatives to contact Plaintiff-Petitioner as part of an investigation into 9-25-2018 events. As of the date of this 42 U.S.C. §1983 complaint no CDOC and or non-CDOC representatives have contacted Plaintiff-Petitioner as part of any investigation into the 9-25-2018 events. 10-17-2018 spoke to CDOC-DWCF Warden Ryan Long when he was conducting rounds (on camera). He told Plaintiff/Petitioner that they should have subjected themselves to the confrontation/punishment(s) and submitted an grievance regarding it later. Also stated would tell CDOC-DWCF legal custodian to contact Plaintiff-Petitioner to obtain appellate attorney #26281 contact information. Upon

(4)

obtaining appellatte attorney #26281 contact infor-
mation / CDOC-DWCF Major Rios was supposed to
communicate, network etc. between appellatte
attorney #26281 and CDOC central office regard-
ing appellatte attorney #26281 obtaining (2)
9-25-2018 video camera surveillance footage.
As of the date of this 42 U.S.C. §1983 comp-
laint either CDOC-DWCF Warden Ryan Long
never executed what he stated to Plaintiff-
Petitioner regarding CDOC-DWCF legal
custodian Major Rios. Or CDOC-DWCF
Warden Ryan Long did execute what he
stated to Plaintiff-Petitioner regarding
CDOC-DWCF legal custodian Major Rios
and it is Major Rios that failed to
contact Plaintiff-Petitioner. As of the
date of this 42 U.S.C. §1983 complaint what
CDOC-DWCF Warden Ryan Long stated on 10-
17-2018 has not transpired. Nor has
appellatte attorney #26281 received approp-
riately requested 9-25-2018 (17.00-21.00
hours) Unit/Building 4 North (2) video
surveillance camera footage angles. Also
their multiple voicemails regarding the
status of 9-25-2018 video were never
returned. 10-21-2018 was the last of
many prior conversations regarding the
location/replacement of 9-25-2018 cloth-

(4)

clothing, replacement of broken glasses, medical issue(s) etc. etc. with Captain D. Davis. 9-25-2018 clothing Plaintiff-Petitioner was wearing were as of the date of this 42 U.S.C. § 1983 never located. Plaintiff-Petitioner did receive a replacement clothing. 11-28-2018 Plaintiff-Petitioner was informed that CDOC had ordered (1) replacement pair of prescription glasses throug (DOC-DWCF Health Services optomotrist. Plaintiff-Petitioner has not recieved the (1) replacement pair of prescription glasses. Plaintiff-Petitioner has documentation of harrassment, retaliation etc. by CDOC-DWCF due to 9-25-2018 and pre 9-25-2018 events. Plaintiff-Petitioner has documentation of mail tampering also interception by CDOC-DWCF to regulatory, advocacey, complaint etc. entities. Plaintiff-Petitioner has documentation of "Informal Resolution", "Inmate Grievances" that have been destroyed, forged, altered etc. by CDOC-DWCF representatives in order to be able to administratively/procedurely deny and hinder grievances. Ryan Long Warden of CDOC-DWCF. Darrell L. Spignor/ 9-25-2018 Shift Commander for CDOC-DWCF.

(4)

D. Statement of Claim(s) *Freedom of Speech*
Claim Three: U.S. Constitution 1st Amendment
Right  *Petition Government for Redress of Grievances*
Supporting facts: On 9-25-2018 regularly scheduled/
assigned to CDOC-DWCF Unit I Building 4 staff
not part of any "First Responders/Emergen-
cy Response Team" and or responding to a
distress call exited the block office. CDOC-
DWCF representatives;

A) Seargent Shirley Dockery (#17377)
B) Correctional Officer Nicanor M. Tanicala (#12851)
C) Seargent Robert J. Gess (#18985)

Entered Plaintiff-Petitioners living unit.
Seargent Shirley Dockery #17377 stated
that CO-Elias D. Lopez #22046 in the 4N
command center forwarded to her that
Plaintiff-Petitioner was "talking shit"
about her not executing "distrabution"
inmate service. Plaintiff/Petitioner stated
that they had US/CO Constitutional rights.
There was no threat to themselves and or
others. Also they did not infring, violate
etc. another US/CO Constitutionally pro tec-
ted rights. Plaintiff-Petitioner also
completed "Colorado Department of Corrections
Informal Resolution Form" DC Form 850-

(4)

O4A dated 9-21-2018 regarding the "dist-rabution" inmate service continulosly and intentionally not being executed. Ryan Long is CDOC-DWCF Warden.

4

D. Statement of Claim(s)

Claim Four: US Constitution 1st Amendment Right Free Exercise Clause

Supporting facts: Plaintiff-Petitioner's right to practice their Messianic Jewish religion have been since Plaintiff-Petitioners receipt of religious diet 2-5-2018 violated.

Plaintiff-Petitioner repeatidly receives spoiled meats, vegetables    and fruit. According to Messianic and non-Messianic Jewish/customs (1) food item in spoiled condition placed with other food item(s) not in spoiled condition taints the non-spoiled food item(s). Also all of the non-food items.

Religious meals are prescribed by a dietary specialist. The CDOC-DWCF dietary special-ist and or equivalent has allotted for Messianic Jewish diets to receive (1) 6-8 ounce cup of coffee. Plaintiff-Petitioner is being denied (1) 6-8 ounce cup of coffee (7) days a week under the "allegation" that they are housed in a "restricted living unit." 11-30-2018 was last confirmation of many by CDOC-DWCF Case Manager Patricia Duran that there is no more "Restrictive Housing Unit/Classification" at

(4)

CDOC-DWCF CDOC-DWCF refuses to correct Plaintiff-Petitioners eligability to receive (1) 6-8 ounce cup of coffee. Plaintiff-Petitioner states their right to practice their religion is violated by CDOC attempt to deny Plaintiff-Petitioner (1) 6-8 ounce cup of coffee and or any food item as a punishment. Especially a punishment based on where their housed. Plaintiff-Petitioner does believe their rights are being violated by CDOC attempting to ▓▓▓▓▓ execute punishment through a religious diet. Plaintiff-Petitioner's right continues to be violated as the CDOC rule, policy, procedure, administrative regulation citing Plaintiff-Petitioner cant have coffee prescribed in religious diet because they are housed in "Restricted Living Unit Classification" has been terminated. CDOC-DWCF continues to deny coffee prescribed in religious meal and therefore Plaintiff-Petitioner's rights with no valid foundation. Ryan Long Warden of CDOC-DWCF. The Denial of any food item(s) that are part of any religious diet as a punishment is unconstitutional.

④

D. Statement of Claim(s) Equal Protection
Claim Five: US Constitution 14th Amendment
Right

Supporting facts: Plaintiff-Petitioner has discov-
ery, transcripts etc. from 2012 CR5385 Denver
District Court case. 10-31-2018 Plaintiff-Pet-
itioner was assualted by a male CDOC-DWCF
Case Manager. CDOC-DWCF representatives
falsely reported, planted/destroyed evidence,
didnt forward exculpatory evidence/witnesses
etc., perjuried themselves, failed to invest-
igate involved CDOC-DWCF representative(s) etc.
Especially to ascertain as to if the repres-
entative(s) were unprofessional, unethical,
assualted Plaintiff-Petitioner therefore
establishing a pattern of behavior,
action etc., Plaintiff-Petitioner proceeded
to jury trial and was found not guilty.
The CDOC-DWCF Case Manager that
Plaintiff-Petitioner was charged with
assualting testified under oathe. The
"alleged" victim testified that Plaintiff-
Petitioner did not assualt him but in
turn he had assualted Plaintiff-)
Petitioner. His foundation was based on
the fact that he did not like what
Plaintiff-Petitioner had said coupled with
his several years with CDOC enabling

(4)

him to conduct himself in this manner
with no consequence(s). Per the CDOC
Human Resource file there was at least
(1) prior female inmate victim. Therefore
again establishing a pattern of behavior,
action etc., 11-20-2018 Plaintiff-Petitioner
incarcerated at CDOC-DWCF on unrelated
criminal case. On either 11-28-2017 or 11-
29-2017 Plaintiff-Petitioner spoke with
Major Caley, (CDOC-DWCF Major Caley
"alleged" that himself and other (CDOC-
DWCF representative(s) had a meeting
regarding Plaintiff-Petitioner. It
was stated Code of Penal Discipline
case number 13-287W of Plaintiff-
Petitioner "allegedly" assaulting CDOC-
DWCF Case Manager William Hawkins
would continue to internally adversely
impact Plaintiff-Petitioner. This is
despite Plaintiff-Petitioner being
found not guilty via a jury trial of
the assault of CDOC-DWCF William
Hawkins. Major Caley said they did not
care if Plaintiff-Petitioner had been
found not guilty in Denver District Court
only that they had been found guilty
internally via CDOC-Code of Penal

(4)

Discipline Case number 13-287W. (DOC-DWCF Major Caley said Petitioner-Plaintiff would have to file 106.5 petition in the Denver District Court. Also that CDOC would not consider the modification, termination etc. of administratively determined restrictions, classification etc. until Plaintiff-Petitioner obtained a sucessful 106.5 Petition in Plaintiff-Petitioners favor. Plaintiff-Petitioner filed 106.5 Petition with Denver District Court 18CV250 and 18CV251. The Courts were confused as to how an unrelated case that transpired approximately 6 years ago be used to adversely impact Plaintiff-Petitioner during their current incarceration? Plaintiff-Petitioner had an unaddressed P.R.E.A. issue with another inmate from Plaintiff-Petitioner prior incarceration. Plaintiff-Petitioner has (2) documents from CDCC-DWCF Case Manager Jackson citing multiple grievances submitted by Plaintiff-Petitioner. 12-20-2018 CDOC-DWCF representatives tried to force Plaintiff-Petitioner to sit at the same table with the inmate they had the uresolved P.R.E.A. issue with in the Dining hall. Plaintiff-Petitioner was removed from general population and later served "Notice of Charge(s)" AR form 150-01B for

(4)

case number 18-365 W. Plaintiff-Petitioner
submitted 16 page grievance to C.R.E.A. Admin-
istrator via /third party. Code of Penal
Discipline conviction was reversed. CDOC-
DW# "Disposition of Charge(s)" AR form
150-01C and "Close Custody Placement and
Progression 12-2017" AR form 600-09A
reference Plaintiff-Petitioners Code of
Penal Discipline ▉▉▉ conviction (s) etc.
from prior incarceration approximately
6 years ago, "Close Custody Placement
and Progression 12-2017" AR form 600-09A
intentionally incorrectly "allegedly" cites
Plaintiff-Petitioner's institutional
history. It also intentionally incorrectly
"allegedly" cites Plaintiff-Petitioners'
criminal history. The information is
intentionally maliciously portrayed to
have been obtain from Plaintiff-
Petitioners, 2017 Presentence Investigation
Report." Plaintiff-Petitioner is in
pocession of their 2017 Presentence Inv-
estigation Report and it does not coob-
erate any of the information cited to
be true in "Close Custody Placement and
Progression 12-2017" AR form 600-09A.
Plaintiff-Petitioner is being discriminated
against, receiving indifferential treatm-
ent in comparison to other inmates and
denied Equal Protection especially regard-
ing the benefit(s) of an acquitted party.

④

Ryan Long Warden of CDOC-DWCF

(4)

D. Statement of Claim(s) Indigent U.S.P.S. Service(s)
Claim Six: U.S. Constitution 1st Amendment Right

Supporting facts: Courts have generally upheld
limitations on the amount of postage....
they will provide to prisoners who cannot
afford it for non-legal mail. Johnson v. Goord,
445 F.3d 532 (2nd Cir. 2006). CDOC has done
this pursuant to Administrative Regulation
300-38 (IV) Procedures (A) Guidelines (4)
"To maintain community ties, indigent offenders
will be allowed to mail one personal letter, per
week, with postage paid by the facility/office."
CDOC also provides the definition of "Indigent
Offender" pursuant to Administrative Regulation
300-38 (III) Definitions (H) Indigent Inmate:
an offender with no funds or source of
income.
Plaintiff-Petitioner since their incarceration
11-20-2018 has had no monetary funds
deposited to their inmate financial account
by a non-CDOC entity. Plaintiff-Petitioner
has filed 28 U.S.C. §1915 with the courts
along with supporting financial documents
to show they are financially indigent. Also
that their inmate financial account is
significantly deficit. Therefore Plaintiff-
Petitioner has never had a positive

(4)

inmate financial account balance from 11-20-2018 to the date of the 42 U.S.C. 1983 complaint to purchase stamps and envelopes to utilize for non-legal post-age to maintain community ties. Plaintiff-Petitioner also does not work therefore they do not have a source of income. Therefore by CDOC own require-ments set forth in Administrative Regulation 300-38 Plaintiff-Petitioner meets the requirements of AR 300-38 (III) Definitions (H) Indigent Offender and (IV) Procedures (A) Guidelines (4). CDOC is denying Plaintiff-Petitioner this benefit although Plaintiff-Petitioner qualifies in violation of their 1st Amendment Right(s). Ryan Long is the Warden of CDOC-DWCF. Plaintiff-Petitioner has grievances and other documentation of being denied this benefit by Captain D. Davis and Case Manager Patricia Duran.

(4)

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated?  **X** Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."* Denver Sheriff

Name(s) of defendant(s):          Department et. al;

Docket number and court:          16-cv-02092LTB

Claims raised:                    42 U.S.C. §1983

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)   Dismissed
                                   Rule 8 of the federal Rules of Civil
                                   Procedure(s); Rule 41(b)

Reasons for dismissal, if dismissed:   Denied Certificate of Appealability
                                   Dismissed 17-1067 and 17-1068

Result on appeal, if appealed:

## F.    ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

**X** Yes ___ No (*check one*)

Did you exhaust administrative remedies?

**X** Yes ___ No (*check one*)

## G.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

*Please Review Attachment*

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

_____
12-20-2018
(Date)

(Form Revised December 2017)

6

6. Request for Relief

1) Nominal Damages: $1 upto $100,000,000
2) Compensatory Damages: $1 upto $100,000,000
3) Punitive Damages: $1 upto $100,000,000
4) Written apology on CDOC letterhead re: 9-25-2018 event(s) that resulted in Plaintiff-Petitioner being permantly injuried.
5) CDOC to assume monetary responsibility for all future medical, cosmetic, therapy, surgical, medication etc. procedures/care directly related to Plaintiff-Petitioner's 9-25-2018 and post injuries/aggravators.
6) All CDOC DC form 850-04A and DC form 850-04A to return to carbon copy forms to aid in efficiency, transparency etc. of the Inmate Grievance process. Also so inmate can retain a copy for their personal records. All CDOC AR Form 150-01E forms used to appeal Closed Custody Classification/Housing return to carbon copy forms for the afore cited reason(s).
7) For CDOC in conjunction with CDOC-Office of the Inspector General to create a carbon copied form for inmates to complete stating they have been assualted by either staff and or inmates. Therefore warranting the CDOC-Office of the Inspector General and or appropriate entity(s) to investigate inmates claim(s).

(6)

8) For CDOC to create new and or modify-amend existing rule(s) policy(s), procedure(s), administrative regulation(s) etc. to address CDOC representatives confronting and sanctioning inmates for personal reason(s).

9) For CDOC to create carbon copied for as part of Administrative Regulation 600-09. This form will notate that inmate requested and is requesting to speak with a Lieutenant or higher ranking CDOC representative. The form will need to be signed by the CDOC representative that took the form from inmate for submission. Upon receipt a Lieutenant or higher ranking representative will state the date and approximate time to speak to the inmate then sign, return to inmate. CDOC to create carbon copied appeal process to accompany the afore cited form if inmate is denied consultation, doesn't receive consultation and or consultation is not satisfactory.

10) For CDOC to require all CDOC representative(s) that work in Unit/Building 4 "Management Control Unit" pursuant to Administrative Regulation 600-09 to be trained regarding the AR 600-09. Especially regarding the sanctioning of inmates. That CDOC ▪▪▪ modify, amend, create administrative regul-

⑥

ation 600-09 that before an inmate can be sanction pursuant to AR form 600-09B a Lieutenant or higher ranking officer must speak to inmate to obtain their version of event(s). Also that AR form 600-09B must be signed by the Lieutenant or higher ranking officer in the presence of the inmate. For CDOC to create a carbon copied form as part of Administrative Regulation 600-09 to appeal if the afore cited procedure is not executed and or to warrant further investigation into inmate claim(s).

11) For CDOC to order that no religious diet should contain any food item(s) that are spoiled. Upon inmate receiving a subpar food item(s) and it is reported to CDOC representatives the food ▬▬▬▬▬ tray in it's entirety must be replaced including the container.

12) For CDOC to create, modify, amend any existing rules, policies, procedures, administrative regulations etc. that directly and or indirectly cause any food item(s) to be withheld from a religious diet as a form of punishment.

13) For CDOC to correct the reporting and or potential for inaccurate reporting of Plaintiff-Petitioner's "Institutional history" and or "Criminal history." Especially to prevent Plaintiff-Petitioner

(6)

being subjected to adverse internal facility action(s). Also for Plaintiff-Petitioner to not be denied the benefits of community corrections, Parole etc..

14) For Plaintiff-Petitioner to receive the benefits they obviously qualify for pursuant to Administrative Regulation AR 300-38 (IV) Procedures (A) Guidelines (4). Or for CDOC to specifically state why Plaintiff-Petitioner is not "Indigent Offender" pursuant to AR 300-38 (III) Definition Indigent Offender, Also why Plaintiff-Petitioner does not qualify to receive the benefit(s) of AR 300-38 (IV) Procedures (A) Guidelines (4).

15) For Plaintiff-Petitioners "CDOC-Colorado Springs, Colorado Statement of Account Activity" to be offset to a $0 monetary dollar amount.

16) For Plaintiff-Petitioners monetary judgement(s) to be in the form of a check. For the check to be forwarded to the designated Banking Institution Plaintiff-Petitioner provides the Courts for depositing purposes as Plaintiff-Petitioner does not want monetary funds deposited into CDOC inmate financial account.

(6)

## Abbreviations

DWCF: Denver Women Correctional Facility
CDOC: Colorado Department of Corrections
AR: Administrative Regulation
CO: Correctional Officer

## CERTIFICATE OF SERVICE

I certify that on _12-20-2018_ (date) a true and accurate copy of the _Complaint, Subpoen(a)(s), motion(s) §1983_ was served on the other party by placing it in the United States mail, postage pre-paid and addressed to the following;

To: _1-3 4 and 5_

Petitioner/Plaintiff: _Victoria D. Wright #155624 P.O. Box 392005 Denver, Colorado 80239_

1) Denver District Court 1437 Bannock St. Denver, Colorado 80202 Room #256

2) Colorado Department of Corrections Ryan Long 1250 Academy Park Loop Colorado Springs, Colorado 80910

3) Attorney General for the State of Colorado Cynthia H. Coffman 1300 Broadway 9th Floor Denver, Colorado 80203

4) US District Court District of Colorado 901-19th Street Denver, Colorado 80294
Case No.:
Case No.:

5) US Court of Appeals 10th Circuit 1823 Stout Street Denver, Colorado 80257
Case No.:
Case No.:

U.S. POSTAGE >> PITNEY BOWES

ZIP 80216 $ 002.89⁰
02 1W
0001366873 DEC 24 2018

STATE OF COLORADO
OFFICIAL MAIL
PENALTY FOR PRIVATE USE.

**Colorado Department of Corrections**
Name _Victor Wyatt_
Register Number _52984_
Unit _4NF - 2 - 214_
Box Number _P.O. Box 392005_
City, State, Zip _Denver, CO 80239_

-7514

United States District Court
District of Colorado
901 - 19th Street Room A105
Denver, Colorado 80294-3589

Envelope 1 of 1 Will Confirm Delivery!

