# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 18 2019

JEFFREY P. COLWELL
CLERK

Civil Action No. **1:18-cv-03338-GPG**

(To be supplied by the court)

_Victoria Dawn Wright_ , Plaintiff

v.

_CDOC-DWCF Warden Ryan Long_ ,

_CDOC-DWCF Major Rios_ ,

_CDOC-DWCF Major Caley_ ,

_CDOC-DWCF Captain D. Davis_ , Defendant(s).

**Please see attached**

(List each named defendant on a separate line.  If you cannot fit the names of all defendants in
the space provided, please write "see attached" in the space above and attach an additional
sheet of paper with the full list of names.  The names listed in the above caption must be
identical to those contained in Section B.  Do not include addresses here.)

---

## PRISONER COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from
public access to electronic court files.  Under this rule, papers filed with the court should not
contain: an individual's full social security number or full birth date; the full name of a person
known to be a minor; or a complete financial account number.  A filing may include only: the
last four digits of a social security number; the year of an individual's birth; a minor's initials;
and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other
materials to the Clerk's Office with this complaint.**

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Victoria Dawn Wright DOC#155624 P.O. Box 392005
Denver, Colorado 80239

(Name, prisoner identification number, and complete mailing address)

not applicable

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

___ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
_X_ Convicted and sentenced state prisoner
___ Convicted and sentenced federal prisoner
___ Other: (*Please explain*) _____

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: CDOC-DWCF Warden Ryan Long 3600 Havana

(Name, job title, and complete mailing address)

Street Denver, Colorado 80239

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

CDOC-DWCF Warden (Please See Attached)

Defendant 1 is being sued in <u>his</u>/her _X_ individual and/or _X_ official capacity.

2

B. Defendant (s) Information

Defendant 1: CDOC-DWCF Warden Ryan Long
Briefly Explain: Warden of CDOC-DWCF. He is legally respo-
nsible for the operation of CDOC-DWCF and the welfare
of all inmates in CDOC-DWCF. 10-17-2018 Plaintiff-Petitioner
forwarded their version of 9-25-2018 event(s). 10-17-2018 CDOC-
DWCF Warden Ryan Long confirmed aware's of 9-25-2018
event(s). Stated Major Rios would contact Plaintiff-
Petitioner to obtain appellate attorney #26281 contact
information to mediate the forwarding of 9-25-2018
video from CDOC Central office to counsel. To obtain
Plaintiff-Petitioner's 9-25-2018 event(s) statement to
further investigate 9-25-2018 event(s). 9-25-2018 event(s)
cited in 10-2018 "Close Custody Placement and Progression"
AR form 600-09A. CDOC-DWCF Warden Ryan Long signed.
Member of "Internal Classification Committee" failed
to report 9-25-2018 event(s) for investigation and
or properly investigate.

②

B. Defendant(s) Information

Defendant 2: CDOC-DWCF Major Rios
Briefly Explain: Legal Custodian for CDOC-DWCF. Approx-
imately 10-17-2018 told by CDOC-DWCF Warden Ryan Long
to contact Plaintiff-Petitioner regarding obtaining 9-25-2018
video to forward to appellate attorney #26281. To obtain
Petitioner-Plaintiff 9-25-2018 event(s) statement for
further 9-25-2018 event(s) investigation. 1-5-2018 a
Lieutenant with photocopies of Plaintiff-Petitioner's
"CDOC Informal Resolution form" or form 850-04A and

③

"Offender Grievance" DOC form 850-04B regarding 9-25-2018 event(s). Stated Major Rios wanted to know if issue(s) had been addressed/resolved. Failed to report 9-25-2018 event(s) for investigation and properly investigate.

Defendant 3: (DOC-DWCF Major Caley
Briefly Explain: 9-25-2018 DOC photograph(s) of Petitioner-Plaintiff's injury to right temple only. Plaintiff-Petitioner sustained additional injuries. DOC-DWCF Major Caley made no attempt to inquire, document or photograph Plaintiff-Petitioner's additional injuries. (DOC-DWCF Major Caley dictated a "Use of Force Report" instead of an "Excessive Use of Force Report" fully aware he did not obtain Plaintiff-Petitioner's 9-25-2018 version of event(s). Failed to report 9-25-2018 event(s) for investigation and or properly investigate.

Defendant 4: DOC-DWCF Captain D. Davis 3600 Havana Street Denver, Colorado 80239
(Name, job title, and complete mailing address)
At the time the claim(s) in this complaint arose was this defendant acting under color of state or federal law? x Yes No Briefly explain: DOC-DWCF Building/Unit 4 Housing Captain. 10-21-2018 and multiple times post 10-21-2018 Plaintiff-Petitioner forwarded 9-25-2018 version of event(s). Plaintiff-Petitioner was told DOC-DWCF Captain D. Davis would contact appropriate representative(s)/department(s) to investigate 9-25-2018 event(s). 2-7-2019 Plaintiff-Petitioner was told the same statement(s) as 10-21-2018 and other post 10-21-2018 dates. 9-25-2018 event(s) cited in

③

10-2018 "Close Custody Placement and Progression" AR form 600-09A. CDOC DWCF Captain D. Davis is a member of the "Internal Classification Committe. Failed to report 9-26-2018 event(s) for investigation and or properly investigate. Defendant 4 is being sued in (his)/her x individual and or x official capacity.

(1)

Defendant 5 CDOC DWCF Dr. Hillary Victorhoff 3600 Havana Street Denver, Colorado 80239
(Name, job title, and complete mailing address)
At the time the claim(s) in this complaint arose was this defendant acting under color of state or federal law? x Yes ___ No Briefly explain CDOC DWCF Primary Care Physician 9-25-2018 went to Denver Health Emergency Room to receive sutures/stitches medical record #7068302 No assessment/treatment for 9-25-2018 additional injuries Plaintiff/Petitioner 9-26-2018 and post submitted carbon copied "Request for Sick Call" forms 9-26-2018 and 10-12-2018 "Request for sick call" forms returned to Plaintiff/Petitioner 10-5-2018 appellate attorney had to file a complaint with Department of Regulatory Agency to gain compliance from CDOC DWCF Health Services to remove sutures/stitches 11-2-2018 appellate attorney #26281 filed complaint with Department of Regulatory Agency in attempt to obtain assessment/treatment for Plaintiff/Petitioner's left breast mass 11-20-2018 appellate attorney #26281 filed complaint with CDOC DWCF Health Services, DORA and CDOC DWCF Case Manager Patricia Duran in attempt to obtain assessment/treatment for Plaintiff/Petitioner's left breast mass. Plaintiff/Petitioner 11-21-2018 accessed by CDOC DWCF Dr. Hillary Victorhoff left breast mass confirmed and

(3)

referred to Denver Health for consultation. 1-20-2019, 2-10-2019 Plaintiff-Petitioner sent carbon copied "Request for Sick Call" to inquire about Denver Health consult for left breast mass. CDOC-DWCF Health Services answered 1-20-2019 and 2-10-2019 inquiry's "waiting on Denver Health to schedule appointment." Failed to report 9-25-2018 event(s) for investigation and or properly investigate. Failed to report 9-25-2018 injuries for investigation/medical treatment and or provide medical treatment.

Defendant 5 is being sued in his/her x individual and or x official capacity.

Defendant 6: CDOC-DWCF Executive Director of the Office of the Inspector General 2862 S. Circle Drive Colorado Springs, Colorado 80906
(Name, job title, and complete mailing address)
At the time the claim(s) in this complaint arose was this defendant acting under color of state or federal law? x Yes. No Briefly explain: CDOC-DWCF Executive Director of the Office of the Inspector General. Received 9-25-2018 "Use of force Reports" from multiple CDOC-DWCF representatives for auditing purposes. Failed to obtain Plaintiff-Petitioner's 9-25-2018 version of event(s). Failed to report 9-25-2018 event(s) for investigation and or properly investigate.

Defendant 6 is being sued in his/her x individual and or x official capacity.

Defendant 7: CDOC-DWCF Case Manager Patricia Duran 3600 Havana Street Denver, Colorado 80239
(Name, job title, and complete mailing address)

(3)

At the time the claim(s) in this complaint arose was this defendant acting under color of state or federal law? x Yes __ No. Briefly explain. (CODOC)OWCF Case Manager 9-28-2018 (on camera) at (CODOC)OWCF 4NA cell 214 told (Petitioner) Plaintiff would contact appropriate representative(s)/department(s) to investigate 9-25-2018 event(s). 10-11-2018 forwarded the same statements as on 9-28-2018. 9-26-2018 event(s) were mentioned in 10-2018 "Close Custody Placement and Progression" AR Form 600-09A for documentation purpose(s). "Allegedly" this citation/notation etc. would not adversely impact Petitioner-Plaintiff. (CODOC) OWCF Case Manager Patricia Duran is a member of the "Internal Classification Committe," failed to report 9-25-2018 event(s) for investigation and or properly investigate.

Defendant 7 is being sued in his / (her) x individual and or x official / capacity

Defendant 8. (CODOC)OWCF, Lieutenant R. Brock 3600 Havana Street Denver, Colorado 80239
(Name, job title, and complete mailing address)
9-25-2018 Building/Unit 4 North Pod A "Housing Supervisor," communicated, instructed, cooperated etc. with Defendants in falsely reporting 9-25-2018 "Excessive force" as "Use of force" (CODOC)OWCF Lieutenant R. Brock no attempt to obtain Plaintiff-Petitioner's version of 9-25-2018 event(s). failed to report 9-25-2018 event(s) for investigation and or properly investigate.
Defendant 8 is being sued in (his) / her x individual and or x official / capacity

(3)

Defendant 9: CDOC-DWCF Shift Commander Darrell L. Spignor 3600 Havana Street Denver, Colorado 80239 (Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose was this defendant acting under color of state or federal law? x Yes No. Briefly explain: CDOC-DWCF Building 1 Unit 4 Shift Commander communicated instructed, cooperated etc. with Defendants in falsely reporting 9-25-2018 "Excessive force" as "Use of force". CDOC-DWCF Shift Commander Darrell L. Spignor no attempt to obtain Plaintiff Petitioner's Version of 9-25-2018 events failed to report 9-25-2018 events for investigation and or properly investigate.

Defendant 9 is being sued in (his) her x individual and or x official capacity

Defendant 10: CDOC-DWCF Seargent Shirley Dockery Badge #7377 3600 Havana Street Denver, Colorado 80239 (Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose was this defendant acting under color of state or federal law? x Yes. No. Briefly explain: CDOC-DWCF Unit 1 Building 4 Seargent 9-25-2018 contacted by CDOC-DWCF Correctional Officer Elias D. Lopez Badge #22046 told Plaintiff Petitioner "talking shit." Entered Plaintiff Petitioner's living unit to unprofessionally, unethically, illegally etc. confront punish Plaintiff Petitioner initially for "talking shit." Alternate reason provided Plaintiff Petitioner's boot feet on and or past red line. Plaintiff Petitioner forwarded hard of hearing defendant immediately disregarded, unwarrantly

③

unholstered teasor pointed at Plaintiff/Petitioner and waived around. In response to Plaintiff/Petitioner's request to speak to next representative in the CDOC/DWCF chain of command. Ordered Plaintiff/Petitioner who was handcuffed behind back to not be escorted to speak to next representative in the CDOC/DWCF chain of command. Failed to secure (2) inmates in their cells and/or contact "First Responders/Emergency Response Team" etc. for assistance until/after Plaintiff/Petitioner was injured. Falsely reported "Excessive force" as "Use of force". Failed to report 9-25-2018 event(s) for investigation and/or properly investigate.

Defendant 10 is being sued in his/(her) X individual and/or X official capacity.

Defendant 11 CDOC/DWCF Seargent Robert J. Gess Badge # 18985 3600 Havana Street Denver, Colorado 80239.
(Name, job title, and complete mailing address)
At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? X Yes No Briefly explain: CDOC/DWCF Building/Unit 4 Seargent. Ordered by CDOC/DWCF Seargent Shipley (Dockey) Badge # 17372 to accompany her to enter Unit/Building 4 North Pod A. Entered Plaintiff/Petitioner's living unit to unprofessionally, unethically, illegally etc. confront/punish Plaintiff/Petitioner initially for "talking shit". Asked Plaintiff/Petitioner to comply being handcuffed from behind to be escorted to speak to next representative in CDOC/DWCF chain of command as Plaintiff/Petitioner requested. Ordered

(9)

by CDOC-DWCF Seargent Shirley Dockery badge #17377
to discontinue Plaintiff-Petitioner's escort.
Plaintiff-Petitioner eventually began to fall
instead of preventing fall CDOC-DWCF Seargent
Robert J. Goss badge #18985 threw/pushed the
Plaintiff-Petitioner ▮ remainder of the way onto
concrete floor. This resulted in Plaintiff-
Petitioner sustaining injuries. Falsely reported
"Excessive Force" as "Use of force." Failed to report
9-25-2018 event(s) for investigation and or
properly investigate.
Defendant 11 is being sued in (his) her x individual
and or x official capacity

Defendant 12. CDOC-DWCF Correctional Officer Elias D.
Lopez badge # 22046 3600 Havana Street Denver,
Colorado 80239
(Name, job title, and complete mailing address)
At the time the claim(s) in this complaint arose was
this defendant acting under color of state or federal
law? x Yes No. Briefly explain CDOC-DWCF Unit/
Building 4 Correctional Officer. 9-25-2018 contacted
CDOC-DWCF Seargent Shirley Dockery badge #17377
reported Plaintiff-Petitioner was "talking shit."
Failed to contact "First Responders/Emergency
Response Team" to address Plaintiff-Petitioner
as assessed not necessary, failed to contact
"First Responders/Emergency Response Team"
until after Plaintiff-Petitioner injured. Falsely
reported "Excessive Force" as "Use of Force."
Failed to report 9-25-2018 event(s) for investigation
(3)

and or properly investigate.
Defendant 12 is being sued in (his)/her x indiv-
idual and or x official capacity

Defendant 13: (CDOC-DWCF Correctional Officer Nicanor
M. Tanicala badge #12851 3600 Havana Street Denver,
Colorado 80239
(Name, job title, and complete mailing address)
At the time the claim(s) in this complaint arose was
this defendant acting under color of state or federal
law? x Yes  No  Briefly explain: Building/Unit 4
Correctional Officer. Ordered by CDOC-DWCF Seargent
Shirley Dockery badge #17377 to accompany her to
enter Unit/Building 4 North Pod A. Entered
Plaintiff/Petitioner's living unit to unprofessionally,
unethically, illegally etc. confront/punish Plaintiff/
Petitioner initially for "talking shit". Falsely
reported that he was not present prior, during
Plaintiff/Petitioner injuries despite captured
on video surveillance footage. Falsely reported
"Excessive force" as "Use of force". Failed to report
9-25-2018 event(s) for investigation and or
properly investigate.
Defendant 13 is being sued in (his)/her x individ-
ual and or x official capacity

Defendant 14: (CDOC-DWCF Correctional Officer Graham
3600 Havana Street Denver, Colorado 80239
(Name, job title, and complete mailing address)
At the time the claim(s) in this complaint arose
was this defendant acting under color of state or

(13)

federal law? α Yes No Briefly explain: (CDOC-DWCF)
Health Services Correctional Officer. Failed to
report 9-25-2018 event(s) for investigation and/or
properly investigate.
Defendant 14 is being sued in (his) her α individ-
ual and or α official capacity

Defendant 15: Colorado Board of Parole Chairperson
Kristen Hilkey 1600 West 24th Street Building #54
Pueblo, Colorado 81003
(Name, job title, and complete mailing address)
At the time the claim(s) in this complaint arose
was this defendant acting under color of state
or federal law? α Yes No Briefly explain:
Chairperson of the Colorado Board of Parole.
Illegally and/or Negligently utilized an "Parole
Waiver" - 550-08A. not properly completed in
accordance with CDOC Administrative Regulation
550-08A requirement(s)/guideline(s) etc. to deferr
Plaintiff-Petitioner's 1-2019 parole hearing to
1-2020: Retaliation for Plaintiff-Petitioner
accessing the Courts by filing 42 U.S.C. § 1983-
against CDOC-DWCF.
Defendant 15 is being sued in his/ her α indiv-
dual and or α official capacity
Although a defendant can be liable based on his or her sup-
ervisory responsibilities, a claim of supervisory liability must
be supported by allegations that demonstrate personal
involvement, a causal connection to the constitutional
violation, and a culpable state of mind. Schneider v. City
of Grand Junction Police Dept. 717 F.3d 760, 762-69 (10th Cir. 2013)

③

Defendant 2: *CDOC-DWCF Major Rios 3600 Havana*
    (Name, job title, and complete mailing address)
*Street Denver, Colorado 80239*

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? **X** Yes ___ No (*check one*). Briefly explain:

*CDOC-DWCF Major / Legal Custodian (Please review attachment)*

Defendant 2 is being sued in his/<u>her</u> **X** individual and/or **X** official capacity.

Defendant 3: *CDOC-DWCF Major Caley 3600 Havana*
    (Name, job title, and complete mailing address)
*Street Denver, Colorado 80239*

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? **X** Yes ___ No (*check one*). Briefly explain:

*CDOC-DWCF Major dictated 9-25-2018 "Use of Force Report(s)/Picture(s)" (Please review attachment)*

Defendant 3 is being sued in <u>his</u>/her **X** individual and/or **X** official capacity.


## C.   JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

**X**   42 U.S.C. § 1983 (state, county, and municipal defendants)

___   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

___   Other: (*please identify*) _____

3

## D.  STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: 8th Amendment to the U.S Constitution "Cruel and Unusual Punishment" Defendants: CDOC-DWCF Warden Ryan Long, CDOC-DWCF Major Rios, CDOC-

Supporting facts: DWCF Case Manager Patricia Duran, CDOC-DWCF Captain D. Davis, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ CDOC-DWCF Major Caley, CDOC-DWCF Seargent Shirley Dockery, CDOC-DWCF Seargent Robert J. Gess, CDOC-DWCF Correctional officer Elias D. Lopez, CDOC-DWCF Correctional officer Nicanor M. Tanicala

9-25-2018 CDOC-DWCF Correctional Officer Elias D. Lopez reported to CDOC-DWCF Seargent Shirley Dockery Plaintiff "Talking shit." CDOC-DWCF Seargent Shirley Dockery ordered CDOC-DWCF Seargent Robert J. Gess, CDOC-DWCF Correctional Officer Nicanor M. Tanicala to accompany in entering Unit Building 4 North Pod A (on camera). To unprofessionally, unethically, illegally etc. confront/punish Plaintiff. CDOC-DWCF Seargent Shirley Dockery stated "Lopez (CDOC-DWCF Correctional Officer Elias D. Lopez) said you were talking shit. CDOC-DWCF Seargent Shirley Dockery's response to Plaintiff's request to speak to next representative in CDOC-DWCF chain of command. Was to unwarrantly unholster her teasor, point at Plaintiff and waive around. CDOC-DWCF Seargent Shirley Dockery stated "you aint talking to no damn Lieutenant/Captain." Plaintiff inquired why teasor unholstered,

## O. Statement of Claim(s)

pointed and waived around unwarrantly. COOC-DWCF Seargent Shirley Dockery stated "I can do what the hell ever I want." COOC-DWCF Seargent Robert J. Gess asked Plaintiff to comply with being hand cuffed in order to be escorted to speak to next representative in COOC-DWCF Chain of command, COOC-DWCF Seargent Shirley Dockery stated "She ain't talking to no damn JLieutenant/Captain." COOC-DWCF Seargent Robert J. Gess ordered by COOC-DWCF Seargent Shirley Dockery to discontinue Plaintiff's escort. COOC-DWCF Seargent Robert J. Gess began to manuever Plaintiff from behind by himself and without verbal instruction(s) etc.. Plaintiff began to fall and COOC-DWCF Seargent Robert J. Gess threw Plaintiff remainder of way onto concrete floor. COOC-DWCF Shirley Dockery, COOC-DWCF Correctional officer Nicanor M. Tanicala, COOC-DWCF Seargent Robert J. Gess and COOC-DWCF Elias D. Lopez failed to secure (2) inmates in their cells and contact "First Responders/Emergency Response Team" etc. until after Plaintiff was injured. Plaintiff sustained multiple injuries transported to Denver Health ER medical record #3068302. Plaintiff sustained (2) lacerations requiring (5) stitches each for a total of (10) stitches, COOC-DWCF Correctional officer Nicanor M. Tanicala falsely reported he was not present prior, during Plaintiff sustaining injuries despite captured on video. COOC-DWCF Correctional officer Nicanor M. Tanicala, COOC-DWCF Seargent Robert J. Gess, COOC-DWCF Seargent Shirley Dockery and COOC-DWCF Correctional officer Elias D. Lopez falsely reported "Excessive force" as "Use of force", failed to properly report 9-25-2018 event(s) and or properly investigate. No assessment/treatment by COOC-DWCF for 9-25-2018 additional injuries. 11-21-2018 left breast mass confirmed by COOC-DWCF Dr. Hillary Victorhoff and referred for Denver Health consultation. 9-26-2018 to 2-26-2019 is 153 days since Plaintiff reported/requested medical treatment, ████████ Post 11-21-2018 no assessment treatment etc. from COOC-DWCF and or Denver Health. Plaintiff also seeking compensatory/punitive damage(s) for emotional and psychological injury(s).

To Determine "Excessive force" Courts Consider

1) The need for force

## D. Statement of Claim(s)

2) If Amount of force Used Reasonable Given the Need
3) How Serious the Need for force Appeared to the Guard(s)
4) Was there Effort(s) to Use the Minimum Amount of force
5) Severity of Inmate's Injury(s)

### Argument

Use of force is excessive and violates the 8th Amendment when not applied to maintain and or restore order but maliciously and sadistically harm. Excessive force: defined as any physical contact meant to cause harm instead of keep and reestablish order. When a prison official is responsible for unnecessary and wanton infliction of pain 8th Amendment violated. Wanton: defined as hateful, cruel, uncalled for.

**Claim Two:** 5th/14th Amendments to the US Constitution "Due Process" (Defendants (DOC-DWCF Warden Ryan Long, (DOC-DWCF Major Rios, (DOC-DWCF Case Manager Patricia Duran, (DOC-DWCF Captain D. Davis, (DOC-DWCF Major Caloy, (DOC-DWCF Lieutenant U.B. Brock, (DOC-DWCF Executive Director of the Office of the Inspector General (DOC-DWCF Shift Commander Daniel L. Spigner, (DOC-DWCF Seargent Shirley Deekery, (DOC-DWCF Correctional officer Elias D. Lopez, (DOC-DWCF Correctional officer Nicanor M. Tanicala, (DOC-DWCF Correctional officer Graham)

### Supporting Facts

Plaintiff adopts page 4 of this "Prisoners Complaint" D. Statement of Claim(s) Claim One Supporting facts. Afore cited Defendants communicated, cooperated, instructed, were instructed etc. regarding the false reporting of 9-25-2018 event(s). 9-25-2018 event(s) intentionally documented, classified, reported etc. as "Use of force" instead of "Excessive force" In attempts to avoid civil liability. Also to deny Plaintiff protections of their US constitutional right(s). This is an established pattern of behavior/action. Plaintiff previously incarcerated at (DOC-DWCF 10-31-2012 for unrelated case. Plaintiff assaulted by (DOC-DWCF Case Manager. (DOC-DWCF destroyed video, video provided multiple unauthorized redaction(s), false written/verbal report(s), destruction/planting of physical evidence, non-forwarding of exculpatory evidence/ witnesses ███████ perjured testimony etc.. Denver Police Department not contacted to properly investigate/ preserve crime scene etc.. "Use of force" report(s) forwarded

(4)

## D. Statement of Claim(s)

to office of the Inspector General. Office of the Inspector General forwarded "Use of force" reports to Denver ████████. District Attorney. Plaintiff charged with C.R.S. 18-3-203(1)(F). Denver District Court case number 2012CR5385, April 10, 2017 office of the Inspector General Detective Scott Smith testified never investigated "alleged" victim (DOC-DWCF Case Manager assaulted Plaintiff of this said matter). failed to investigate "alleged" victim conducted himself unprofessionally, unethically, illegally etc., April 10, 2017 to April 11, 2017 "alleged" victim (DOC-DWCF Case Manager testified he hit Plaintiff (of this said matter) because he did not like what she said. Also (DOC directly/indirectly condoned conduct. April 12, 2017 Plaintiff (of this said matter) found not guilty of 18-3-203 (1)(F) via jury trial. "Alleged" victim (DOC-DWCF Case Manager) assaulted at least (1) other (DOC-DWCF female inmate. "Alleged" victim (DOC-DWCF Case Manager no longer employed by (DOC after prematurely negotiating retirement.

## To Decide "Due Process" Violation(s) courts consider

1) If resulted in condition(s) of confinement worse than what a inmate is normally subjected to

## Procedural "Due Process" has (2) parts

1) Liberty Interest: prisons action(s) (practice(s) interfere with/violate one's constitutionally protected right(s) or resulted in condition(s) worse than is normal for prisoners

2) More Procedure: must show that inmate should have received more process than they received

## Argument

Prison must provide inmate with a certain amount of protection(s) before doing anything that harms one's life, liberty or property. Discipline is something prison can do that might violate due process if discipline is done without process. To argue right(s) were violated because did not receive procedures in "Wolff" must show punishment received was extremely harsh. "Sandin" found if punishment received is an "atypical and significant hardship on the inmate in relation to ordinary incidents of "prison life" there is a right to the five procedures laid out in "Wolff." Decision(s) by prison officials result in condition(s) severe enough to satisfy "significant and atypical" standard. Then prison was

(4)

## D. Statement of Claim(s)

obligated to give inmate the procedure(s) outlined/guaranteed by "Wolff" prior to the decision resulting in the condition(s) severe enough to meet the "significant and atypical" standard of "Wolff."

Atypical: treated very differently than the way most prisoners are treated

Significant Hardship: treatment must be really awful not just uncomfortable or annoying

## Applicable Case Law

Wolff v. McDonnell, 418 U.S. 539 (1974)
Sandin v. Conner, 515 U.S. 472 (1995)
Although a Defendant can be liable based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 767-69 (10th Cir. 2013).

## Claim Three: 8th Amendment to the US Constitution "Medical Care" (Defendants CDOC-DWCF Warden Ryan Long, CDOC-DWCF Captain D. Davis, CDOC-DWCF Major Caley, CDOC-DWCF Case Manager Patricia Duran, CDOC-DWCF Major Rios, CDOC-DWCF Dr. Hillary Victorhoff)

## Supporting Facts

CDOC-DWCF Warden Ryan Long 10-17-2018 Plaintiff forwarded their version of 9-25-2018 event(s), 10-17-2018 CDOC-DWCF Warden Ryan Long confirmed he was aware of 9-25-2018 event(s). CDOC-DWCF Major Rios approximately 10-17-2018 told by CDOC-DWCF Warden Ryan Long to contact Plaintiff regarding 9-25-2018 event(s) for further investigation. (5-2019) a Lieutenant with photocopies of Plaintiff's grievances regarding 9-25-2018 event(s). Lieutenant stated Major Rios wanted to know if issue(s) had been addressed/resolved. CDOC-DWCF 9-25-2018 Major Caley took photographs of Plaintiff injury to right temporal only. Plaintiff 9-25-2018 additional injuries CDOC-DWCF Major Caley made no attempt to inquire, document or photograph. CDOC-DWCF Captain D. Davis 10-21-2018 and post 10-21-2018 Plaintiff forwarded their 9-25-2018 version of event(s). CDOC-DWCF Captain D. Davis told Plaintiff he would contact appropriate representative(s)/

## Q. Statement of Claim(s)

department(s) to investigate 9-25-2018 event(s). CDOC-DWCF Dr. Hillary Victorhoff 9-25-2018 Plaintiff transported to Denver Health ER. No assessment/treatment etc. for Plaintiff's 9-25-2018 additional injuries by Dr. Hillary Victorhoff. Plaintiff 9-26-2018 and post date submitted "Request for Sick Call" forms citing additional 9-25-2018 Plaintiff injuries. 9-26-2018 and 10-12-2018 "Request for Sick Call" forms returned to Plaintiff. 11-2-2018 and 11-20-2018 Plaintiff's appellate attorney #26281 filed complaints with CDOC-DWCF Health Services, Colorado Department of Regulatory Agency and CDOC-DWCF Case Manager Patricia Duran regarding Plaintiff's left breast mass. Pre 11-2-2018 and 11-20-2018 complaints regarding Plaintiff's 9-25-2018 access/denial of medical care submitted by Plaintiff's appellate attorney #26281. 11-21-2018 Plaintiff examined by CDOC-DWCF Dr. Hillary Victorhoff and Plaintiff's left breast mass ▉ confirmed. 11-21-2018 referred to Denver Health for consultation. ▉ 9-26-2018 to the date of this "Prisoner's Complaint" CDOC-DWCF Health Services representative discontinued and failed to represcribe anti-nausea/analgesic medication initially prescribed 9-25-2018 ▉ by Denver Health ER. Post 11-21-2018 Plaintiff has not been assessed/treated for left breast mass by CDOC-DWCF Health Services and or Denver Health.

## To Succeed in an 8th Amendment Challenge Regarding Medical Care Provided by Prison

1) Inmate had a serious medical need
2) Prison officials showed "deliberate indifference" to inmate's medical need(s)
3) The "deliberate indifference" caused inmate's injury(s)

## To Determine Whether a Serious Medical Need(s) Courts Consider

1) Whether a reasonable doctor or patient would consider the need(s) ▉ worthy of comment or treatment
2) Whether the condition significantly affects daily activities
3) Whether inmate has chronic and or serious pain

## O. Statement of Claim(s)

To Determine What is Inadequate and or Denial of a Serious Medical Need Courts Consider

1) There was a serious and or is a serious medical need
2) Treatment and or Non-treatment
3) Caused injury(s), continues to cause injury(s) or allowed to exist

### Applicable Case Law

A serious medical need as "one that has been diagnosed by a physician as mandating treatment." Hill v. Dekalb Reg'l Youth Det. Ctr, 40 F.3d 1176, 1187 (11th Cir. 1994). A prisoner can show a serious medical need if the "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To prove "deliberate indifference" must show (1) prison officials knew about inmate's serious medical need (2) prison officials failed to respond reasonably to it. Estelle, 429 U.S. at 104; Gutierrez v. Peters; 111 F.3d 1364, 1369 (7th Cir. 1997). Prison doctor fails to respond appropriately or does not respond at all to your serious medical need(s). Scott v. Ambani, 577 F.3d 642 (6th Cir. 2009); Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004); Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002). Prison guards or other non-medical officials intentionally deny or delay your access to treatment. Brown v. District of Columbia, 514 F.3d 1279 (D.C. Cir. 2008). 8th Amendment protects right to medical care. Supreme Court explained that this is because "[a]n inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." Estelle v. Gamble, 429 U.S. 97, 103 (1976).

Claim Four: 1st Amendment to the US Constitution "Freedom of Speech" (Defendants (DOC-DWCF Seargent Shirley Dockery, (DOC-DWCF Seargent Robert J Goss, (DOC-DWCF Correctional Officer Elias O. Lopez, (DOC-DWCF Correctional Officer Nicanor M. Tanicala))

### Supporting Facts

Plaintiff adopts page 4 of this "Prisoners Complaint" O. Statement of Claim(s) Claim One Supporting facts

(20)

## D. Statement of Claim(s)

### Under the Turner Test the courts will Decid Wheter the Prisons Action(s) Were Constitutional by Considering

1) Is the regulation reasonably related to a legitimate neutral government interest

2) Does the regulation leave open another way for inmate to exercise their Constitutional right(s)

3) How does the issue(s) impact other prisoners, guards, officials and prison resources

4) Are there obvious, easy alternatives to the Regulation that would not restrict inmates right to free expression

### Argument

Not founded/supported etc. by any established code/DWCF rule, policy, procedure, administrative regulation etc., Therefore an action/practice of prison official s. When prisons action(s)/ practice(s) stop inmates from speaking/expressing etc. themselves the action(s)/practice(s) must be reasonably related to a legitimate government interest.

**Reasonably Related:** rule etc. that is likely to do whatever it is intended/designed etc. to do, Also being reasonably related to prisons/goal of security.

**Neutral Government Interest:** prisons goal cant be related to it's dislike of a particular idea(s).
Encouraging prisoners to stop criticizing the prisons actions(s)/ practice(s) etc. are not neutral or legitimate goal(s), Prison cant pick and choose certain idea(s) etc, if it doesn't have a "neutral" reason, like prison security for doing so. Prison **must have a reasonable** belief that inmate speaking, expressing, criticizing etc. might disrupt prison order and therefore it's security. US Constitution 1st Amendment protects everyone's right to criticize government, state etc. official(s), prison is afforded opportunity to forward suggestion(s) of an alternative way for prison to achieve their goal(s) without restricting inmate's right(s). Prison can not have action(s)/practice(s) that prevent inmate from expressing themselves altogether.

### Applicable Case Law

Courts should examine the "security" reason more closely to see if it's real or just an excuse. Castle v. Clymer, 15 F. Supp. 2d 640 (E.D. Pa. 1998)

D. Statement of Claim(s)

Claim Five: 1st Amendment to the US Constitution
"Maintaining Community Ties" (Defendant CDOC-DWCF
Warden (Ryan Long)

### Supporting Facts

CDOC Administrative Regulation 300-38 (IV) Procedures
(A) Guidelines (4):
"To maintain Community Ties, Indigent Offenders will
Be Allowed to Mail one Personal Letter per week, with
Postage Paid by the facility/Office... Not Exceeding $2.00
per Month."
Plaintiff has been incarcerated by CDOC-DWCF since
11-20-2017. Plaintiff is financially indigent and therefore
qualifies for the service cited in afore "CDOC Administrative
Regulation 300-38 (IV) Procedures (A) Guidelines (4)." CDOC-
DWCF with out explination continues to deny Plaintiff
this service in violation of 1st Amendment right(s).

### Applicable Case Law

Courts have generally upheld... the amount of postage they
will provide to prisoner's who can't afford it for non-legal
mail. Johnsen v. Goord, 445 F.3d 532 (2d Cir. 2006).

Claim Six: 1st/14th Amendment to the US Constitution
"Freedom of Religion" (Defendant CDOC-DWCF Warden (Ryan
Long)

### Supporting Facts

CDOC Administrative Regulation 1550-02 (IV) Procedures
(B) Menu Compliance
1) Each DOC facility/center will be required to follow the
prescribed master menu
2) Menu compliance is accomplished when each of the following
are enforced
a) All food outlined on the master menu are to be served in
the portions specified on the menu

CDOC Administrative Regulation 1550-02 (IV) Procedures
(D) Meal Service
8) Medical and religious meals will be as close to the
general population diet as possible

(4)

## D. Statement of Claim(s)

9) food will not be used as a disciplinary measure.

CDOC Master Menu Plaintiff entitled to receive as part of ██ Plaintiff's Messianic Jewish diet (7) days a week at breakfast one (6) ounce cup of coffee

CDOC Administrative Regulation 650-03 ████████
████████ (IV) Procedures) (6) General Conditions of confinement within Restrictive Housing Unit (7) Access to Meals.
Offenders in "Restrictive Housing" will have access to three meals per day... as prescribed by the DOC master menu food shall not be used as a disciplinary measure.

2-2018 Plaintiff approved to receive Messianic Jewish diet. Since 2-2018 Plaintiff denied (7) days a week at breakfast one (6) ounce cup of coffee. CDOC "alleges" the denial is due to Plaintiff being housed in a "Restrictive Housing Unit" in accordance with CDOC Administrative Regulation 650-03.
Equal Protection: prison can't treat some prisoners differently than it treats other prisoners without a reason.

Claim Seven: 1st/5th/14th Amendment to the US Constitution "Right to Access the Courts" (Defendants CDOC-DWCF Case Manager Patricia Duran, Colorado Board of Parole Chairperson Kristen Hilkey)

### Supporting Facts

1-2-2019 U.S. District Court District of Colorado issued "Order" to Cure Deficiency. Plaintiff sent 1-2-2019 "Order" as verification ██ needed Certified Prison official Inmate Financial Account for prior (6) months. Plaintiff had to file CDOC-DWCF grievance and Motion for the Courts to Issue an "Order" to CDOC-DWCF for compliance with Plaintiff/Petitioner Receipt of Legal Services to comply with 1-2-2019 order to Cure and Return of Documents. CDOC-DWCF attempted to "allege" documents were lost in CDOC-DWCF internal mail. Instructed

(4)

## D. Statement of Claim(s)

Plaintiff to grieve CDOC-DWCF mailroom instead of CDOC Legal Access Program where Plaintiff originally sent 1-2-2019 "order." 1-17-2019 Plaintiff not allowed to appear in person at their Colorado Parole Board hearing, VA "Parole Waiver" AR form 550-08A not completed in compliance with governing CDOC Administrative Regulation 550-08. Illegally utilized to deterr Plaintiff's Colorado Parole Board hearing from 1-2019 to 1-2020. CDOC-DWCF Case Manager Patricia Duran knowingly forwarded "Parole Waiver" AR form 550-08A to Colorado Parole Board to deterr Plaintiff's Colorado Parole Board hearing from 1-2019 to 1-2020. Colorado Parole Board Chairperson Kristen Hilkey intentionally or negligently utilized "Parole Waiver" AR form 550-08A not completed in compliance with governing Administrative Regulation 550-08 to illegally deterr Plaintiff's Colorado Parole Board hearing from 1-2019 to 1-2020.

## Common Areas of Litigation Pertaining to Court Access Include Right to

1) File legal paper(s)
2) Be free from retaliation based on legal activity

## To Prove a Prison Official Illegally Retaliated for You Filing a Lawsuit Courts Consider

1) You were doing something you had a constitutional right to do called "protected conduct"
2) The prison officals "adverse action(s)" was so bad it would stop an average person from continuing their lawsuit
3) There is a "causal connection" the prison officals "adverse action" was directly related to your "protected conduct"

Government/State Employee is "Negligent" when "fails to use Reasonable care." "Reasonable" Courts ask what a "Reasonably Prudent Person" would do in similar situation.

## D. Statement of Claim(s)

To Determine "Negligence" Courts Consider
1) duty
2) breach
3) causation
4) damage(s)

Burden is on the Defendants, CDOC, CDOC-DWCF, Colorado Parole Board to proove Plaintiffs Colorado Parole Board hearing still would have ~~not~~ been deferred from 1-2019 to 1-2020 regardless of Plaintiff filing 42 U.S.C. §1983

CDOC Administrative Regulation 850-04 "Grievance Procedures" (IV) Procedures (D) Grievance Substance and format (3)(D);

Parole Board Appeals if Available are governed by the Enacted Rules and Regulations of the Parole Board.

No formal grievance procedure(s) to seek administrative remedy(s) with Colorado Parole Board

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? _X_ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):  Denver Sheriff Department et.al.;
16-CV- 02092 -LTB

Docket number and court:  16-cv-02092 -GPG

Claims raised:  42 U.S.C. §1983

Disposition: (is the case still pending? has it been dismissed?; was relief granted?)  dismissed

Reasons for dismissal, if dismissed:  timinly response/filing

Result on appeal, if appealed:  no authority, jurisdiction


## F.    ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

   _X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

   _X_ Yes ___ No (*check one*)

## G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."* Plaintiff seeking Compensatory/punitive damage(s) for emotional and psychological injuries.

- Nominal Damage(s): $1 to $100,000,000
- Compensatory Damage(s): $1 to $100,000,000
- Punitive Damage(s): $1 to $100,000,000
- CDOC, CDOC-DWCF to assume financial responsibility for all future medical care, therapy, procedure(s) to include cosmetic
- CDOC-DWCF Health Services to file for Plaintiff to receive benefit(s) from Social Security Administration

## H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

2-25-2018
_____
(Date)

6. Request for Relief

Prior to Plaintiff's release from COOC-DWCF custody
COOC-DWCF to administer any prescribed physical ther-
apy to Plaintiff while Plaintiff is detained in COOC-DWCF
COOC-DWCF to administer analgesic medication(s) as pres-
cribed by Denver Health or adequate pain management
alternative

Carbon copied versions of the following COOC forms: AR
form 850-04A, AR form 850-04B, AR form 150-01E
to replace non-carbon copied versions for transparency
of inmate grievances/appeals

Housing units classified according to COOC Administr-
ative Regulations 600-09 and 650-03 Procedural
change(s) to document/address inmates request(s)
to escalate complaints utilizing chain of command.
With COOC direct housing unit representatives and/or
representative of inmates selection. Adequate AR/
DC forms created, formatied etc. for utilization.
Inmates housed in the afore cited units physically
cant manuever COOC facilities all movement(s) are
controlled/escorted.

Procedural change(s) to document/address COOC
representatives/Lieutenant and higher ranking
command officers not conducting rounds in order
to make themselves available to inmates to assist
COOC rule policy etc. states rounds are to be
conducted once per shift in the Unit/Building the
COOC representative is assigned to supervise/Housing
Units in accordance with/Administrative Regulat-
ions 600-09 and 650-03 have (24) hour video
surveillance no impact on curing deficiency.

(6.)

6. Request for Relief

- 11-9-2018 Denver Health Hospital consultation for Plaintiff's left breast mass and all follow up appointments executed without further delay esp. since Plaintiff originally reported injury 9-26-2018
- Plaintiff to receive envelopes, paper, pen to receive the benefits of CDOC Administrative Regulation 300-38 (IV)(A)(4). Plaintiff to recieve immediately the service(s) cited in Administrative Regulation 300-38 ~~...~~ (IV)(A)(4) 11-20-2017 to the date of disposition of this Prisoners Complaint reasonable compensation for dates of non-receipt of service(s) by Plaintiff cited in CDOC Administrative Regulation 300-38 (IV)(A)(4)
- Plaintiff to receive the one (1) ounce cup of coffee CDOC Master Menu prescribed for Messianic Believer diet immediately.
- Plaintiff to appear in person before the next Colorado Board of Parole hearing without further delay.

Victoria Wright #14580005
O.R. Box 347005
Denver, Colorado 80239

75114

United States District Court
901 19th Street Room A105
Denver, Colorado 80294-3589

STATE OF COLORADO
OFFICIAL MAIL
PENALTY FOR PRIVATE USE

US POSTAGE >> PITNEY BOWES
ZIP 80216
02 1W
0001366873

$ 001.45°
FEB 26 2019

Envelope 1 of 1 Will Confirm Delivery!



Duck 2/26/19
McDonough 19383 2m
[55264 Wright NV

DOC # OFFENDER LAST NAME INT


STAPLES®

Distributed by: Staples, Inc., Framingham, MA 01702

901988


CLEARCLASP
Patent Pending