**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-03338-STV

VICTORIA DAWN WRIGHT,

    Plaintiff,

v.

ROBERT J. GESS,

    Defendant.

## ORDER

Entered By Magistrate Judge Scott T. Varholak

    This matter is before the Court on the following Motions filed by Plaintiff: (1) Motion Regarding Appendix Containing 6/24/2019 Discussed Attachment Document(s) and Courts Guaranteeing Return of Original Documents (the "Motion to Return Originals") [#50]; (2) Motion for Plaintiff's Receipt of Legal Supplies Via CDOC-DWCF Legal Access Program (the "Motion for Legal Supplies") [#51];[1] (3) Motion to Accept Plaintiff's Response to Defendant['s] 6/27/2019 Motions as Timely (the "Motion for Extension") [#52]; (4) Motion for Court Order to CDOC, CDOC-DWCF to Execute Non-CDOC 2nd Medical Assessment/Opinion (the "Motion for Medical Opinion") [#55]; and (5) Motion for Receipt of Legal Supplies by CDOC-DWCF Legal Access Program (the "Second Motion

---

[1] The Court understands Plaintiff's reference to "CDOC-DWCF Legal Access Program" to refer to the Legal Access Program available at the Denver Women's Correctional Facility ("DWCF"), a prison overseen by the Colorado Department of Corrections ("CDOC").

for Legal Supplies") [#56].² The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [#26, 48, 49] The Court has carefully considered the Motions and related briefing, the entire case file, the applicable case law, and has determined that neither further briefing nor oral argument would materially assist the Court in resolving the Motions. For the following reasons, the Court **GRANTS** the Motion to Return Originals, **DENIES AS MOOT** the Motion for Extension, and **DENIES** the Motion for Legal Supplies, the Second Motion for Legal Supplies, and the Motion for Medical Opinion.

**I.     The Motion to Return Originals and Motion for Extension**

On June 27, 2019, Defendant filed a Motion to Dismiss Plaintiff's excessive force claim (the "Motion to Dismiss") [#46] and a Motion for Stay requesting a stay of the action pending resolution of the Motion to Dismiss (the "Motion to Stay") [#47]. On July 17, 2019, Plaintiff filed her Response to Defendants' Motions (the "Response") [#53], along with an Appendix of exhibits in support of her Response (the "Appendix") [#53-1].

**A. Motion to Return Originals**

Through the Motion to Return Originals, Plaintiff requests that the Court return the original documents filed as the Appendix, so that she may retain them for her files and

---

² "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "The *Haines* rule applies to all proceedings involving a *pro se* litigant." *Id.* at 1110 n.3. The Court, however, cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Moreover, *pro se* parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992)).

have access to them for future use in this litigation, including trial. [#50] Plaintiff contends that she was unable to obtain copies of the documents through the Legal Access Program at DWCF. [*Id.*] In support Plaintiff attaches a blank "Legal Access Program Photocopy Request Form" and underlines certain restrictions for photocopying listed on the form. [*Id.* at 4] Notably, Plaintiff does not include a form reflecting an actual request to have the Appendix copied that was denied by the Legal Access Program.[3] Nor is it clear to the Court that a request to have the Appendix photocopied would have been denied by the Legal Access Program based upon the restrictions identified by Plaintiff. One of the underlined restrictions appears to make a specific exception to the general restrictions for documents being utilized "as exhibits attached to an original pleading being filed with the court," which would appear to cover the Appendix. [*Id.*]

Nonetheless, because the Court understands that Plaintiff has submitted original documents as part of the Appendix that she likely needs for her records and potentially for the future litigation of this case, the Court will **GRANT** the Motion to Return Originals. The Clerk of Court is directed to mail to Plaintiff the original documents submitted as the Appendix [#53-1].

Plaintiff is advised, however, that in the future, she must submit a request to the Legal Access Program to have documents being submitted to the Court photocopied, and any future request for the return of original documents must be accompanied by a denied request for photocopying from the Legal Access Program.

---

[3] The form includes a section for the Legal Access Program to deny a request in whole or in part, including space for the Legal Access Program to explain the basis for the denial. [#50 at 4]

### B. Motion for Extension

Through the Motion for Extension, Plaintiff requests that the Court accept as timely the Response filed on July 17, 2019. Pursuant to D.C.COLO.LCivR 7.1, Plaintiff's response to Defendant's Motion to Dismiss was due 21 days after it was filed—*i.e.*, by July 19, 2019. However, because both motions were served by US Mail [#46 at 17; #47 at 5], pursuant to Fed. R. Civ. P. 6(d), "3 days are added." The deadline for Plaintiff to file a response to the Motion to Dismiss thus was July 22, 2019. Plaintiff's Response thus was timely filed and Plaintiff's Motion for Extension is **DENIED AS MOOT**.

## II. The Motion for Legal Supplies and Second Motion for Legal Supplies

In both the Motion for Legal Supplies and the Second Motion for Legal Supplies, Plaintiff requests that the Court issue an order to compel the Legal Access Program at DWCF—through the Legal Access Program Supervisor Hallie L. Beard and Plaintiff's Case Manager Patricia Duran—to provide Plaintiff will legal supplies and services. [#51 at 1; #56 at 1] Although none is a party to this litigation, the Court understands the motions to request the Court to issue an order enjoining them to provide the requested legal supplies.

The issuance of a temporary restraining order ("TRO") is subject to the Court's discretion. *See Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1205 (10th Cir. 2003). Pursuant to Fed. R. Civ. P. 65(b)(1) a TRO may be issued without notice to the adverse party or its attorney only if:

>(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Injunctive relief is intended to preserve the status quo until a final determination of the parties' rights can be reached. *See Otero Sav. and Loan Ass'n v. Fed. Reserve Bank of Kan. City*, 665 F.2d 275, 277 (10th Cir. 1981).

To succeed on her request for a TRO, Plaintiff must establish: (1) that there is a substantial likelihood that she will prevail on the merits; (2) that, if the injunction is denied, irreparable injury to Plaintiff will result; (3) Plaintiff's threatened injury outweighs whatever damage the TRO may cause to the opposing party; and (4) the public interest would not be adversely affected by the TRO. *See Soskin v. Reinertson*, 260 F. Supp. 2d 1055, 1057 (D. Colo. 2003). Granting a temporary restraining order is extraordinary relief. *See id.*; *Taxsalelists.com, LLC v. Rainer*, No. 09-cv-02898 REB-KMT, 2009 WL 4884273, at *1 (D. Colo. Dec. 11, 2009). The right to such relief must be clear and unequivocal. *Doubleclick Inc. v. Paikin*, 402 F. Supp. 2d 1251, 1254 (D. Colo. 2005).

Where, as here, a party seeks an injunction against a non-party, "it [ ] heightens the hurdle that must be cleared to obtain the injunction: not only must the motion advance considerations satisfying the traditional injunction factors noted above but those considerations must also constitute the 'appropriate circumstances' . . . to justify issuing an injunction against a non-party." *Andrews v. Andrews*, 160 F. App'x 798, 800 (10th Cir. 2005). Such "appropriate circumstances" require the non-party to be "in a position to frustrate [or facilitate] the implementation of a court order or the proper administration of

justice." *Id.* at 799 (quoting *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977)).

Plaintiff has not addressed—let alone demonstrated—any of the factors necessary to satisfy her heavy burden to obtain a TRO. Nor does it appear likely that Plaintiff would be able to do so. Although Plaintiff complains that she has not received all of the legal supplies that she has requested, the documentation provided with the motions indicates that the Law Access Program is willing to provide the requested materials. [#51 at 4 (stating "supplies sent 6/19/2019"); #56 at 2 (indicating that supplies initially were withheld because Plaintiff "failed to comply with th[e] policy" requiring offenders to answer questions about requests and noting that, once the specifics were provided by Plaintiff, the requested supplies were provided), 3 (indicating that requested supplies were sent)] Moreover, even if certain supplies were not provided as requested or as timely as Plaintiff would have liked, there is no showing that Plaintiff's ability to prosecute her claims has been meaningfully frustrated. To the contrary, in the past month, Plaintiff has timely responded to Defendants' pending motions and filed five separate motions and a status inquiry with the Court. [*See* #50-56]

Accordingly, the Motion for Legal Supplies and the Second Motion for Legal Supplies are **DENIED**.

### III. The Motion for Medical Opinion

Plaintiff's sole remaining claim in this litigation is a claim of excessive force against Sergeant Robert Gess relating to an alleged incident on September 25, 2018. [*See* #17] Through the Motion for Medical Opinion, Plaintiff seeks an order of the Court for "non-

CDOC (2nd) opinion of [a] medical expert for Plaintiff's 9/25/2018 sustained injuries." [#55 at 1] Plaintiff fails to provide any authority for the Court to issue such an order and the exact relief Plaintiff seeks is not clear.

To the extent Plaintiff seeks the appointment of an expert pursuant to Federal Rule of Evidence 706, which provides that a District Court "may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed," Plaintiff has not made a sufficient showing of the need for the appointment of an independent expert. "In the absence of 'complex scientific evidence or complex issues,' the circuit courts have held that a district court does not abuse its discretion in declining to appoint an expert pursuant to Rule 706." *Carbajal v. St. Anthony Cent. Hosp.*, No. 12-cv-02257-REB-KLM, 2014 WL 3396249, at *1 (D. Colo. July 11, 2014) (collecting cases). Plaintiff has not demonstrated that her claim of excessive force involves complex medical issues or otherwise demonstrated the need for an independent medical expert in this case. [#55]

To the extent that Plaintiff seeks the appointment of an expert, because she is indigent and unable to pay for one, the Court "has no existing funds to pay for the appointment of an expert witness in a civil case." *Carbajal*, 2014 WL 3396249, at *1 (citing *Patel v. United States*, 399 Fed.Appx. 355, 359 (10th Cir.2010)). As the Tenth Circuit explained in *Patel*:

7

> The plaintiffs' dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems. Nonprisoners often resolve that difficulty through contingent fee retainers with provisions for arranging expert testimony. By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

399 Fed.Appx. at 359 (quoting *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir.1987)).

Although the Motion for Medical Opinion initially requests a second opinion from a medical expert regarding the injuries she sustained on September 25, 2018, the Motion for Medical Opinion concludes by stating that "CDOC, CDOC-DWCF, [and] CDOC-DWCF Health Services have not shown a 'good faith effort' to provide Plaintiff health care, adequate health care and[/]or timely health care." [#55 at 5] To the extent Plaintiff seeks an injunction requiring CDOC and/or DWCF to send Plaintiff to a non-CDOC medical expert for treatment, Plaintiff has made no attempt to satisfy her heavy burden of establishing: (1) that there is a substantial likelihood that she will prevail on the merits; (2) that, if the injunction is denied, irreparable injury to Plaintiff will result; (3) Plaintiff's threatened injury outweighs whatever damage the TRO may cause to the opposing party; and (4) the public interest would not be adversely affected by the TRO. *See Soskin*, 260 F. Supp. 2d at 1057. Moreover, Plaintiff's claim for deliberate indifference to her medical needs has been dismissed and neither CDOC nor DWCF is a party to this case. [See #17] Any request for medical treatment from CDOC and DWCF thus is unrelated to any

8

remaining claim and thus is not the appropriate subject for an injunction in this lawsuit.

Accordingly, the Motion for Medical Opinion is **DENIED**.

IV. **Conclusion**

For the foregoing reasons, **IT IS ORDERED** that:

(1) the Motion to Return Originals [#50] is **GRANTED** and the Clerk of Court is directed to return to Plaintiff the original exhibits [#53-1] filed in support of her Response to Defendant's Motion to Dismiss [#53];

(2) the Motion for Legal Supplies [#51] is **DENIED**;

(3) the Motion for Extension [#52] is **DENIED AS MOOT**;

(4) the Motion for Medical Opinion [#55] is **DENIED**;

(5) the Second Motion for Legal Supplies [#56] is **DENIED**; and

(6) The Clerk of Court is directed to Mail a copy of this Order to Plaintiff.

DATED: July 22, 2019

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge