**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-03338-STV

VICTORIA DAWN WRIGHT,

    Plaintiff,

v.

ROBERT J. GESS,

    Defendant.

---

## ORDER

---

Entered By Magistrate Judge Scott T. Varholak

This matter is before the Court on four Motions filed by Plaintiff Victoria Wright: (1) the Motion for Order to CDOC/CDOC-DWCF Director of Clinical and Correctional Services to Provide Medical Care, Pain Management, Treatment Plan(s) Regarding Plaintiff's 9/25/2018 Sustained Injuries and Order for 2nd Medical Opinion by Non-CDOC Medical Expert (the "Motion for TRO") [#64]; (2) two Motions regarding submission of an accurate copy of a Colorado Department of Corrections ("CDOC") administrative regulation ("AR") (the "AR Motions") [##70, 73]; and (3) a motion regarding whether Plaintiff has been provided with adequate supplies for Court filings (the "Supplies Motion") [#71] (collectively, the "Motions").[1] The parties have consented to proceed before the

---

[1] "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "The *Haines* rule applies to all proceedings involving a *pro se* litigant." *Id.* at 1110 n.3. The Court, however, cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1

undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [#26, 48, 49] The Court has carefully considered the Motions and related briefing, the entire case file, the applicable case law, and has determined that neither further briefing nor oral argument would materially assist the Court in resolving the Motions. For the following reasons, the Court **DENIES** the Motions.

On March 18, 2019, Plaintiff, a prisoner in the custody of the Colorado Department of Corrections ("CDOC") at the Denver Women's Correctional Facility ("DWCF"), filed an Amended Prisoner Complaint—the operative complaint—that asserted seven causes of action against 15 separate defendants. [*See generally* #16] Plaintiff's First Claim asserted an Eighth Amendment excessive force claim against various DWCF officers, including Defendant Sergeant Robert J. Gess, based upon an incident that occurred on September 25, 2018. [#17 at 3] Plaintiff's Second Claim asserted a due process violation against various prison officials. [*Id.* at 6] Plaintiff's Third Claim asserted an Eighth Amendment medical treatment claim against various DWCF officials and health care staff based upon allegedly inadequate medical treatment, including with regard to the injuries Plaintiff allegedly suffered as a result of the September 25, 2018 incident. [*Id.* at 7-8] Plaintiff's Fourth Claim alleged unspecified violations of her First Amendment rights by various DWCF officers. [*Id.* at 9] Plaintiff's Fifth Claim asserted a First Amendment violation against the warden of DWCF based upon an alleged denial of access to free postage. [*Id.* at 10] Plaintiff's Sixth Claim asserted a religious freedom and equal

---

(10th Cir. 2008). Moreover, *pro se* parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992)).

protection violation against the warden. [*Id.* at 10-11] Plaintiff's Seventh Claim alleged that the chairperson of the Colorado Board of Parole denied Plaintiff access to the courts. [*Id.* at 12] On March 29, 2019, Senior District Judge Lewis T. Babcock issued an order dismissing all of Plaintiff's claims, except the excessive force claim as alleged against Sergeant Gess in his individual capacity and drew that claim to a presiding judge. [#17]

The Motion for TRO seeks an Order requiring the CDOC/CDOC-DWCF Director of Clinical and Correctional Services to provide Plaintiff medical care and access to a second medical opinion from a non-CDOC medical expert for injuries Plaintiff allegedly sustained as a result of the September 25, 2018 incident, upon which her excessive force claim is premised. [#64] The Motion thus appears to seek the issuance of a temporary restraining order ("TRO") against a non-party to the action—*i.e.*, the CDOC/CDOC-DWCF Director of Clinical and Correctional Services.[2]

The issuance of a temporary restraining order ("TRO") is subject to the Court's discretion. *See Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1205 (10th Cir. 2003).

---

[2] In the Motion, Plaintiff confirms that she is "NOT attempting to repetition the Courts and or succeed regarding [her previously asserted and dismissed] . . . 8th Amend[ment] claim(s)." [#64 at 1 (emphasis in original)] Instead, Plaintiff seems to contend that the relief sought relates to her existing excessive force claim against Sergeant Gess, because the injuries for which she seeks treatment allegedly arose out of Sergeant Gess's use of excessive force on September 25, 2018. [*Id.* at 1-2] There is no indication in the operative complaint or the Motion, however, that Sergeant Gess is in a position to provide Plaintiff access to the medical treatment she seeks. To the contrary, based upon the record, it appears that Sergeant Gess is no longer even an employee of CDOC. [*See* #21] Moreover, the Motion expressly seeks an Order requiring the CDOC/CDOC-DWCF Director of Clinical and Correctional Services, not Sergeant Gess, to provide Plaintiff access to medical care and a second opinion. [#64 at 1]

Pursuant to Fed. R. Civ. P. 65(b)(1), a TRO may be issued without notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Injunctive relief is intended to preserve the status quo until a final determination of the parties' rights can be reached. *See Otero Sav. and Loan Ass'n v. Fed. Reserve Bank of Kan. City*, 665 F.2d 275, 277 (10th Cir. 1981).

To succeed on her request for a TRO, Plaintiff must establish: (1) that there is a substantial likelihood that she will prevail on the merits; (2) that, if the injunction is denied, irreparable injury to Plaintiff will result; (3) Plaintiff's threatened injury outweighs whatever damage the TRO may cause to the opposing party; and (4) the public interest would not be adversely affected by the TRO. *See Soskin v. Reinertson*, 260 F. Supp. 2d 1055, 1057 (D. Colo. 2003). Granting a temporary restraining order is extraordinary relief. *See id.*; *Taxsalelists.com, LLC v. Rainer*, No. 09-cv-02898 REB-KMT, 2009 WL 4884273, at *1 (D. Colo. Dec. 11, 2009). The right to such relief must be clear and unequivocal. *Doubleclick Inc. v. Paikin*, 402 F. Supp. 2d 1251, 1254 (D. Colo. 2005).

Where, as here, a party seeks an injunction against a non-party, "it [ ] heightens the hurdle that must be cleared to obtain the injunction: not only must the motion advance considerations satisfying the traditional injunction factors noted above but those considerations must also constitute the 'appropriate circumstances' . . . to justify issuing an injunction against a non-party." *Andrews v. Andrews*, 160 F. App'x 798, 800 (10th Cir.

4

2005). Such "appropriate circumstances" require the non-party to be "in a position to frustrate [or facilitate] the implementation of a court order or the proper administration of justice." *Id.* at 799 (quoting *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977)).

Plaintiff has not addressed—let alone demonstrated—any of the factors necessary to satisfy her heavy burden to obtain a TRO. The Motion also fails to make a showing that the CDOC/CDOC-DWCF Director of Clinical and Correctional Services is "in a position to frustrate [or facilitate] the implementation of a court order or the proper administration of justice." Nor does it appear likely that Plaintiff would be able to do so.

Instead, Plaintiff's Motion for TRO appears to be based upon allegations that Plaintiff's "serious medical needs" are not being adequately treated by DWCF—*i.e.*, an Eighth Amendment claim against DWCF. [#64 at 3] As previously noted, however, the Eighth Amendment claim asserted in Plaintiff's operative complaint was dismissed and Plaintiff contends that she is not attempting to revive that claim through the Motion (nor would that be procedurally proper). Any request for medical treatment from CDOC and DWCF thus is unrelated to any remaining claim, cannot be provided by the only remaining defendant, and thus is not the appropriate subject for an injunction in this lawsuit. Accordingly, the Motion for TRO [#64] is **DENIED**.

The remaining Motions also lack merit. As to the AR Motions, Plaintiff contends that Sergeant Gess has filed an inaccurate and incomplete version of CDOC Administrative Regulation 850-04, which sets forth the formalized grievance process that CDOC inmates must follow to properly exhaust their administrative remedies. [#70; *see*

5

*also* #73; #59 at 5-6] Sergeant Gess attached AR 850-04 to his reply in support of his Motion to Dismiss. [#59-2] First, the Court notes that there is no indication that the exhibit containing AR 850-04 is in any way inaccurate or incomplete, and the Court accepts Sergeant Gess' representation of the accuracy of that exhibit. But regardless, the Court denied Sergeant Gess' Motion to Dismiss, including to the extent it argued that Plaintiff failed to exhaust her administrative remedies, and accordingly any argument or claim Plaintiff may have with respect to the submission of AR 850-04 is moot. For these reasons, the AR Motions [##70, 73] are **DENIED**.

Finally, in the Supplies Motion, Plaintiff seeks an order from the Court to ensure she is afforded access to adequate supplies in order to litigate her case, including paper, envelopes, and pens. Plaintiff's numerous filings in this matter undermine any claim that she has not had access to necessary supplies, and the Court concludes that Plaintiff has not faced any supplies shortages impacting her access to the Court, or ability to litigate her case. Accordingly, the Supplies Motion [#71] is **DENIED**.

For the foregoing reasons, Plaintiff's Motion for TRO [#64], AR Motions [##70, 73], and Supplies Motion [#71] are **DENIED**. In light of the Court's ruling on the Motion to Dismiss [#74], **the stay of this case is lifted**, and **the Status Conference set for November 12, 2019 at 9:00 AM in Courtroom A-402 is converted to a Scheduling Conference**. Plaintiff and, if applicable, her case manager, may participate in the conference by calling the Court at 303.335.2365 at the scheduled time. On or before **October 29, 2019**, the parties shall file a joint proposed scheduling order in the form required pursuant to D.C.COLO.LCivR 16.2. A copy of the instructions for the preparation

of the proposed scheduling order and the required form can be downloaded from the court's website at www.cod.uscourts.gov. The Clerk of Court is directed to mail a copy of this order, along with a copy of the instructions for the preparation of the proposed scheduling order and the template proposed scheduling order form to Plaintiff.

DATED: September 18, 2019

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge